STATE of Minnesota, Respondent,

v.

Jeffrey Scott HERNANDEZ, Appellant.

No. 81–977.

Supreme Court of Minnesota.

Oct. 26, 1981.

Neighborhood Justice Center, Lawrence Laine, St. Paul, for appellant.

Warren Spannaus, Atty. Gen., Tom Foley, County Atty., Steven DeCoster, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Justice.

The issue on this sentencing appeal is whether the trial court, in sentencing a defendant on the same day for three separate convictions of offenses which were not part of a single behavioral incident or course of conduct but which occurred at different times and involved different victims, could count the first and second convictions in determining the criminal history score used in determining the presumptive sentence for the third conviction.

On January 22, 1981, while on probation, defendant, age 19, was caught by St. Paul police as he attempted to commit a residential burglary. A search of defendant and his accomplice resulted in the discovery of property taken in the burglary of another residence that evening. Defendant was charged with two counts of attempted burglary and one count of aggravated criminal damage to property.

On February 25, 1981, Mounds View police arrested defendant for his participation with another person in a residential burgla-ry committed earlier that day. Defendant was charged with burglary and theft.

While in custody, defendant cooperated with Officer Walter Robillard of the St. Paul Police Department and admitted having participated in approximately 50 burglaries on the east side of St. Paul and in the Maplewood area. As part of his investigation, Robillard would take defendant on drives through neighborhoods and defendant would point out houses he had burglarized. On one such outing, on March 13, they stopped at defendant's family home. While Robillard was talking with defendant's father in the living room, defendant went into the kitchen and then ran out the back door. For this defendant was charged with escape from custody.

On April 10, defendant, represented by an attorney, pled guilty to attempted burglary in connection with the January 22 incident, theft in connection with the February 25 incident, and escape from custody on March 13. It was agreed that another complaint, charging him with theft in connection with a January 5 burglary, would be dismissed, that defendant would not be charged with any of the other 50 burglaries to which he confessed, that sentencing would be concurrent even for the escape, and that defendant would testify against his "fence."

In determining the criminal history score for each offense on which defendant was to be sentenced, the agent preparing the presentence investigation report relied upon Minnesota Sentencing Guidelines and Commentary, II.B.1. and Comment II.B.101 (1980), which provide that the defendant is given one criminal history point for every felony conviction on which a sentence was stayed or imposed before the date of the current sentencing. Since defendant was to be sentenced for each of the three offenses on the same date, defendant was given a criminal history score of three for each offense: one for his juvenile record, one for the prior felony for which he was sentenced in 1980, and one for the fact that he committed the offenses while on probation. This meant that the presumptive sen-

tence lengths for the new offenses were as follows: 1 year and 1 day stayed for attempted burglary (severity level IV), 19 months stayed for theft (severity level III), and 19 months stayed for escape (severity level III).

The presentence investigation report recommended a departure in the form of a 60-month prison term because of defendant's continued criminal behavior and negative lifestyle.

At the departure hearing, held on May 26, defense counsel argued strongly against departure. The prosecutor, after referring to the large number of burglaries defendant had admitted, stated in relevant part as follows:

Aside from the actual facts involved here, Your Honor, we are dealing with three separate offenses. If these three offenses were sentenced today, tomorrow, and Wednesday, this defendant would be sent to the Commissioner of Corrections at St. Cloud, that would not be a departure. We have been informed by the Guidelines Commission, however, that because they are actually sentenced on one day that, in fact, it would be a technical departure for the Court to sentence him to St. Cloud. * * *

We suggest that the only fair disposition of this case would be to depart technically from the guidelines and send Mr. Hernandez to St. Cloud.

The trial court sentenced defendant to 1 year and 1 day stayed for the attempted burglary, 1 year and 1 day stayed for the theft,[1] and 36 months, executed, for the escape. In imposing the sentence for the escape the court stated:

It is a further part of this order that the Court having previously imposed sentence for the offense of attempted burglary and theft, that would add to the criminal history of this defendant two additional points. As far as this Court is concerned, while this may be termed a technical departure from the sentencing guidelines, with the additional history that this defendant would have, the Court is justified in imposing sentence.

In a departure report filed June 24, the court stated as follows:

This defendant has a record that indicates that he is not amenable to being served in any meaningful manner by probation. His record is atrocious, and he attributes his problems to a severe chemical dependency habit. Yet he does not respond and will not respond to treatment. Apart from a record which indicates that he possesses some antisocial attributes which do not allow him to cease his activities with respect to burglary, he is not amenable to any other kind of treatment.

The more pertinent point to be raised is that if the sentencing of the defendant with respect to all of the files were spread out over a period of time, it would appear that there would be no question but that he would ultimately face a presumptive sentence of some incarceration. In the interest of expediting the handling of these numerous criminal files I have calculated that by my sentence I have accomplished the same result as could be done by stretching the procedure out over a longer period of time. Incarceration will serve the best interests of the defendant and society.

This appeal followed.

As indicated earlier, section II.B.1. of the Sentencing Guidelines provides that in computing an offender's criminal history score, the offender, subject to certain conditions, is assigned one point for every felony conviction for which a sentence was stayed or imposed and that "occurred before the current sentencing." Comment II.B.101 clarifies this by providing that "in order for prior convictions to be used in computing criminal history score, the sentence for the prior offense must have been stayed or imposed before the date of sentencing for the current offense."

■ The comments do not set forth the reasoning behind the rule and there may

---

1. This is a downward departure but the state has not sought review.

well be valid reasons for the rule. In this case, however, we are satisfied that the facts were such that it was appropriate for the trial court to count the two other convictions in determining the appropriate sentence for the escape conviction. These circumstances include (a) the fact that the three convictions were for separate and distinct offenses which were not part of a single behavioral incident or course of conduct and which did not involve the same victims, and (b) the fact that there is no indication that the trial court was trying to manipulate the Guidelines to achieve a substantive result not intended by the Guidelines. All the court was trying to do was avoid mere formalities and, in the interests of judicial economy, do in one day what the Guidelines allow to be done in three or more days.

Although we agree that it was appropriate to sentence defendant to prison, we reduce the term from 36 months to 27 months. If defendant is given the extra two points on his criminal score for the two other convictions on which he was sentenced, the presumptive sentence would be not 36 months but 27 months, with the trial court being given a range of 25 to 29 months. There is nothing in the record to justify increasing the term to 36 months and we do not believe that the trial court intended to depart. Indeed, the trial court stated that, "I have calculated that by my sentence I have accomplished the same result as could be done by stretching the procedure out over a longer period of time." In other words, the imposition of a 36-month term rather than a 27-month term was apparently an inadvertency.

We, therefore, reduce the defendant's prison term to 27 months.

Affirmed as modified.