**STATE of Minnesota, Appellant,**

v.

**Sandra Jean WALLNER, Respondent.**

**No. C5-82-631.**

Supreme Court of Minnesota.

April 6, 1984.

See also, 346 N.W.2d 386.

Thomas J. Foley, Ramsey County Atty., Steven DeCoster, Asst. County Atty., St. Paul, for appellant.

William E. Falvey, Ramsey County Public Defender, Joanne M. Smith, Asst. Public Defender, St. Paul, for respondent.

AMDAHL, Chief Justice.

This is a sentencing appeal by the state.

In the fall of 1981, while awaiting sentencing on a drug charge, defendant participated in a number of sales of drugs to BCA agents over a period of about a month. Rather than arrest her after the first one, the agents continued to use her to set up sales, apparently in the hope of catching others. She pleaded guilty to four of a number of charges brought against her based on these sales: (1) sale of cocaine, based on a sale occurring on September 14, 1981; (2) sale of cocaine, based on a sale occurring on September 28, 1981; (3) sale of phencyclidine, based on a sale occurring on October 6, 1981; (4) sale of cocaine, based on a sale occurring on October 19, 1981. Defendant testified that she received drugs for personal use from the seller in exchange for setting up each of these transactions.

The offenses were committed before our decision in *State v. Hernandez,* 311 N.W.2d 478 (Minn.1981), at a time when Comment II.B.101 provided that "in order for prior convictions to be used in computing criminal history score, the sentence for the prior offense must have been stayed or imposed before the date of sentencing for the current offense." In *Hernandez,* we held that the trial court in that case, in sentencing the defendant on one day for three offenses, was justified in counting two of the convictions in determining the appropriate sentence for the third. We stated that "All the court was trying to do was avoid mere formalities and, in the interests of judicial economy, do in one day what the Guidelines allow to be done in three or more days." 311 N.W.2d at 481.

Sentencing for the original offense and the four subsequent offenses to which defendant pleaded guilty occurred on the same day. Using the *Hernandez* method in preparing the sentencing worksheet, the probation officer gave defendant a criminal history score of zero for the original offense, two for the second one (one point for the prior felony conviction and one point based on defendant's custody status at the time of committing the second offense), three for the third offense, four for the fourth offense, and five for the fifth offense. This resulted in a presumptive sentence of 44 months executed for the fourth offense, sale of phencyclidine (which is a severity level VI offense), and a presumptive sentence of 27 months executed for the fifth offense, sale of cocaine (which is a severity level III offense). The probation officer concluded that the appropriate sentence was 44 months executed but stated that this was a technical departure.

The prosecutor moved for imposition of an 88-month sentence. The trial court denied the motion and instead sentenced defendant to 27 months executed, which would have been the highest of the presumptive sentences under the *Hernandez* method if the fourth offense had been sale of cocaine instead of sale of phencyclidine. The court recognized that this sentence constituted a departure from the highest sentence obtained using the *Hernandez* method but believed that it was justified because the defendant's high criminal history score "was accumulated during a relatively brief period of time during the same course of drug dealing and does not indicate the sort of hardened criminality which would be indicated had these prior felonies been accumulated over some several years."

We agree with the state that the ground relied upon by the trial court was not an adequate legal ground for departing from the presumptive sentence obtained using the *Hernandez* method. It does not follow, however, that the defendant's sentence must be increased to 44 months, as requested by the state. The trial court sentenced defendant for offenses commit-ted before the Sentencing Guidelines Commission amended Comment II.B.101. to follow the *Hernandez* decision. That being so, the trial court was not required to use the approach taken by the trial court in the *Hernandez* case. Instead, the court would have been free to assign a criminal history score of only one (the custody status point) for all four subsequent offenses, since those offenses were being sentenced on the same day as the original offense. Using this approach, the presumptive sentence for the sale of the phencyclidine was only 26 months stayed. Since the sentence of 27 months executed was within the broad range of sentences then available to the trial court, the sentence was not a departure and we affirm.

Affirmed.