STATE of Minnesota, Respondent,

v.

Robert THOMAS, Appellant.

No. CX–84–225.

Court of Appeals of Minnesota.

Aug. 7, 1984.

Review Denied Oct. 11, 1984.

Hubert H. Humphrey, III, Atty. Gen., Michael K. Jordan, Sp. Asst. Atty. Gen., St. Paul, Mark Thomason, Hubbard County Atty., Park Rapids, for respondent.

C. Paul Jones, State Public Defender, Kathy King, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Appellant Robert Thomas' conviction for a sale of a controlled substance, assault in the second degree and obstructing legal process or arrest, arose out of a controlled sale of cocaine to an undercover state narcotics agent. Thomas claims the evidence was insufficient to support the assault conviction. He also raises sentencing questions, namely, that he was sentenced twice for a single behavioral incident and erroneously assigned a criminal history score point under the *Hernandez* method. We affirm.

## FACTS

State BCA narcotics agents, Greg Hopps and Douglas Partyka, and informant, Michael Glinnon, went to Robert Thomas' home to make a controlled buy of cocaine. Glinnon had earler informed the Hubbard County Sheriff's Office that cocaine could be bought from Thomas. While Partyka remained outside, Hopps and Glinnon completed a purchase with Thomas. Hopps then reached into his jacket pocket, displayed a pistol and badge, and identified himself as a state narcotics agent. He ordered everyone in the house to lie face down on the floor.

Hopps backed out of the room and called for Partyka. Thomas then got up, grabbed

the cocaine which was on a table in front of him and threw it into a wood burning stove. Hopps retrieved the cocaine but Thomas grabbed Hopps' pistol. A struggle ensued. Hopps testified that during the struggle Thomas had gained sufficient control of the gun to be able to point it at him six different times; Thomas testified that he never had control of the gun but was merely acting out of fear for his life.

Meanwhile, Partyka arrived and observed the struggle through a window. He could not enter because Thomas' girlfriend had barricaded the door. Partyka then broke the window with his gun, identified himself as a state police officer, and threatened to shoot Thomas if his girlfriend refused to open the door. She opened the door and Partyka immediately struck Thomas in the head with his gun, telling him he was under arrest.

Thomas continued to struggle with Hopps and Partyka. Hopps had lost his gun in the struggle and eventually, with the help of two Hubbard County Deputy Sheriffs who had then arrived, was able to subdue Thomas.

Thomas was convicted by a jury and sentenced to concurrent prison terms of 19 months for the sale of a controlled substance and 44 months for assault in the second degree (based on a criminal history score of four under the *Hernandez* method). No sentence was imposed for obstructing legal process or arrest.

### ISSUES

1. Was the evidence sufficient to convict Thomas of assault in the second degree?

2. Was Thomas erroneously sentenced twice for a single behavioral incident in violation of Minn.Stat. § 609.035 (Supp. 1983)?

3. Was Thomas erroneously assigned a criminal history point under *Hernandez?*

### ANALYSIS

### I

Thomas contends the evidence was insufficient as a matter of law to convict him of assault in the second degree. It is well-settled that:

> In reviewing a claim of insufficiency of the evidence, we are limited to ascertaining whether, given the facts and the record and the legitimate inferences that can be drawn from the facts, a jury could reasonably conclude that the defendant was guilty of the offense charged.

*State v. Merrill,* 274 N.W.2d 99, 111 (Minn. 1978). "[O]n review of a criminal conviction we will construe the record most favorably to the state and will assume the evidence supporting the conviction was believed and the contrary evidence disbelieved." *State v. Pieschke,* 295 N.W.2d 580, 584 (Minn.1980). "[W]eighing the credibility of witnesses is the exclusive function of the jury." *Id; State v. Heinzer,* 347 N.W.2d 535, 538 (Minn.Ct.App. 1984).

> Assault is:
>
> (1) An act done with intent to cause fear in another of immediate bodily harm or death; or
>
> (2) The intentional infliction of or attempt to inflict bodily harm upon another.

Minn.Stat. § 609.02, subd. 10 (1982). An assault in the second degree is committed by "[w]hoever assaults another with a dangerous weapon but without inflicting great bodily harm ...." Minn.Stat. § 609.222 (1982).

Thomas' contention that the evidence was insufficient to convict him is primarily based on his assessment of the credibility of the witnesses and his allegation that the evidence is deficient. He argues that neither Hopps' nor Partyka's testimony should be believed and, thus, there is no credible evidence on the element of intent.

 Thomas' intent may be determined from his words and actions in light of the circumstances surrounding his encounter with the officers. *State v. Hardimon,* 310 N.W.2d 564, 566 (Minn.1981). The jury must resolve conflicting testimo-

ny, not the defendant. *State v. Engholm*, 290 N.W.2d 780, 784 (Minn.1980). The evidence is sufficient to convict Thomas of assault in the second degree.

## II

Thomas further argues the assault and the sale of controlled substance convictions arose out of a single behavioral incident and thus he cannot be sentenced for both under Minn.Stat. § 609.035 (1982), which reads:

> Except as provided in section 609.585, if a person's conduct constitutes more than one offense under the laws of this state he may be punished for only one of such offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All such offenses may be included in one prosecution which shall be stated in separate counts.

Minn.Stat. § 609.035 (1982).

■ In determining whether the offenses involved the same behavioral incident when intent is the element of both offenses, we must examine whether "the underlying conduct was motivated by a desire on the defendant's part to obtain a single criminal objective or by two or more criminal objectives." *Mercer v. State*, 290 N.W.2d 623, 626 (Minn.1980).

■ The sale of cocaine occurred shortly before the assault but the assault did not further the completion of the sale in any way. Thomas' motive in assaulting the BCA agents was clearly unrelated to his motive for selling cocaine; separate criminal objectives were intended. Merely because two crimes were committed within a short time span and within the same area does not mean the single behavioral incident prohibition is violated.

Thomas attempts to analogize this fact situation with avoidance of apprehension cases. *See State v. Gilbertson*, 323 N.W.2d 810 (Minn.1982); *State v. Boley*, 299 N.W.2d 924 (Minn.1980); *State v. Mendoza*, 297 N.W.2d 286 (Minn.1980); *State v. Finn*, 295 Minn. 520, 203 N.W.2d 114

(1972). The analogy doesn't fit. Once the cocaine was retrieved from the stove by agent Hopps, Thomas' actions were clearly not motivated by an attempt to escape or destroy the evidence. Rather, it was an attempt at escalating the encounter to a more serious level by harming the BCA agents. *State v. McAdoo*, 330 N.W.2d 104, 109 (Minn.1983).

## III

Thomas' final assertion is that the trial court erred in using the *Hernandez* method of computing his criminal history score. The trial court sentenced Thomas on the sale of cocaine conviction. It then included this conviction in sentencing Thomas on the assault conviction which resulted in a criminal history score of four for Thomas. The trial court then sentenced Thomas under the Minnesota Sentencing Guidelines to a prison term of 44 months, concurrent with the earlier 19 months for the sale of a controlled substance. Thomas claims that it was improper to count the conviction for the sale of a controlled substance and, therefore, his criminal history score should have only been three which carried a prison term of only 34 months.

■ In *State v. Hernandez*, 311 N.W.2d 478 (Minn.1981), the Minnesota Supreme Court held that the trial court, in sentencing the defendant on the same day for three separate offenses, was justified in counting two of the convictions in determining the appropriate sentence for the third. *Id.* at 481. The *Hernandez* method may be used if a single behavioral incident is not involved and the defendant is being sentenced concurrently. *State v. Moore*, 340 N.W.2d 671, 673 (Minn.1983). Thomas' convictions were not the result of a single behavioral incident in violation of Minn. Stat. § 609.035. The trial court properly used the *Hernandez* method in computing Thomas' criminal history score.

## DECISION

Thomas' conviction for assault in the second degree is supported by the evidence. The trial court properly used the *Hernan-*

*dez* method of computing the criminal history score in sentencing Thomas. It did not violate the prohibition of sentencing a defendant twice for a single behavioral incident.

Affirmed.