Charlie R. BEAMON,
Petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. C3–84–1975.

Court of Appeals of Minnesota.

March 26, 1985.

C. Paul Jones, State Public Defender, Heidi H. Crissey, Asst. Public Defender, Minneapolis, for petitioner, appellant.

Hubert H. Humphrey, III, Atty. Gen., Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Anne E. Peek, Asst. Co. Atty., Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and LANSING and HUSPENI, JJ., with oral argument waived.

## SUMMARY OPINION

HUSPENI, Judge.

### FACTS

Appellant Beamon was charged with eight counts of aggravated robbery and ten counts of second degree assault on February 2, 1984. He pleaded guilty to four counts of aggravated robbery, involving separate incidents in which he possessed and threatened victims with a gun. Minn. Stat. §§ 609.245 and 609.11 (1982). In exchange, all other charges were dismissed. He was sentenced to three concurrent prison terms of 36 months and one consecutive term of 49 months.

Beamon filed a petition for post-conviction relief in which he sought to withdraw his pleas and amend his sentence. He claimed he was beaten in jail on January 14, 1984, and that his plea was coerced because he feared jail. Beamon never told the trial court nor his attorney of this matter. The post-conviction court found,

after a hearing, that Beamon's "conduct after his altercation with the jail deputies was not that of a man who felt intimidated or threatened so as to cause him to plead guilty more than two weeks after the incident occurred." The post-conviction court found that Beamon was thoroughly advised of his rights and voluntarily entered his plea. The sentence imposed was upheld and this appeal ensued.

## DECISION

1. The record contains ample evidence supporting the post-conviction court's finding that Beamon entered guilty pleas voluntarily. *Doughman v. State*, 351 N.W.2d 671, 674 (Minn.Ct.App.1984), *petition for review denied* (Minn. Oct. 16, 1984). His claim that he was severely beaten in jail and that those beatings coerced a plea was not supported by the evidence.

2. Beamon's 49-month consecutive sentence to the three concurrent 36-month sentences was in error because the trial court incorrectly used the *Hernandez* method of sentencing. *State v. Hernandez*, 311 N.W.2d 478 (Minn.1981). The *Hernandez* method may be used only when sentencing concurrently. *See State v. Moore*, 340 N.W.2d 671 (Minn.1983); Minnesota Sentencing Guidelines II.F. Beamon's presumptive sentence on the consecutive sentence was 36 months. He seeks reduction of the 49 months to reflect the presumptive 36-month sentence. This would result in a sentence of 72 months. The trial court was aware that Beamon could have been sentenced to four consecutive 36-month sentences under Minnesota Sentencing Guidelines II.F.(2). The trial court stated at sentencing:

> Finally, I wish to state that if for some reason or other there is a technical requirement of the sentence on the last matter being one that should be in the first frame, so to speak, that this is the intention of the Court that there be the time served of 36 months and 49 months consecutively and if there was error in regard to the placement of the squares that it is the intention of the Court that

there be a confinement for this particular period of time and in accordance with the sentencing guidelines and with the provisions of the sentencing guidelines going thereto and if it is considered a departure that the departure is based upon the fact of the multiple offenses and the fact that two of them were concurrent by the Court.

Even if it be assumed that the trial court intended to depart upward, it failed to cite any aggravating factors which would justify a durational departure. *See State v. Pince*, 358 N.W.2d 435 (Minn.Ct. App.1984). Under the circumstances, appellant's sentence on the fourth offense must be reduced to a 36-month consecutive sentence, resulting in a total sentence for the four offenses of 72 months.

Affirmed as modified.