**STATE of Minnesota, Respondent,**

v.

**Daniel A. VOGEL, Appellant.**

No. C9–86–88.

Court of Appeals of Minnesota.

April 8, 1986.

Hubert H. Humphrey, III, Atty. Gen., Roger Van Heel, Stearns Co. Atty., Patrick T. Strom, Asst. Co. Atty., St. Cloud, for respondent.

C. Paul Jones, State Public Defender, Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by WOZNIAK, P.J., LANSING and HUSPENI, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Daniel Vogel pleaded guilty to, among other charges, a charge of possessing a controlled substance with intent to sell in violation of Minn.Stat. § 152.09, subd. 1(1) (1984). On appeal, Vogel challenges the trial court's dispositional and durational departure from the presumptively-stayed sentence of 17 months in prison. We affirm.

## FACTS

On November 15, 1983, Daniel Vogel sold one-quarter pound of marijuana to an undercover agent of the Bureau of Criminal Apprehension at his home in Avon Township, Minnesota. On May 22, 1984, Vogel sold the same agent one-half pound of marijuana.

Almost a year later, in April 1985, Vogel sold one-half pound of marijuana to an undercover Stearns County deputy sheriff. A week later, the officer purchased an additional half-pound of marijuana from Vogel. In early May, the officer and Vogel negotiated the purchase of nine pounds of marijuana. The next morning, on May 11, 1985, the officer arrived at Vogel's home to complete the sale. Vogel showed him a large bag containing five smaller bags of marijuana. In response to a pre-arranged signal, police officers entered the house, arrested Vogel and executed a search warrant. They seized twenty and one-quarter pounds of marijuana, seed stock, a police scanner, a list of radio frequencies used by local law enforcement agencies and a pair of binoculars.

Vogel was charged with four counts of selling a controlled substance and one count of possessing a controlled substance with intent to sell. The latter charge arose from the May 11 offense. Vogel pleaded guilty to all five charges.

Under the Minnesota Sentencing Guidelines, each of these offenses is a severity level II offense. Vogel's presumptive sentences, as calculated in the manner approved in *State v. Hernandez*, 311 N.W.2d 478 (Minn.1981), were two stayed sentences of 1 year and 1 day, and three stayed sentences of 13 months, 15 months and 17 months. At the sentencing hearing, the State moved for a dispositional and durational departure in the stayed sentence of 17 months for the offense of possessing a controlled substance with intent to sell. It requested an 18-month executed sentence. The trial court granted the motion and sentenced Vogel to four stayed prison terms and an executed 18-month term in prison.

### ISSUES

1. Did the trial court abuse its discretion in departing dispositionally and durationally from the sentencing guidelines?

2. Is the sentence proportional to the severity of the offense?

### ANALYSIS

#### I.

The Minnesota Sentencing Guidelines allow a sentencing judge to depart from the presumptive sentence in cases involving "substantial and compelling circumstances." Minnesota Sentencing Guidelines and Commentary II.D. One aggravating factor supporting a departure is a crime in which:

> [t]he offense was a major controlled substance offense, identified as an offense or series of offenses related to trafficking in controlled substances under circumstances more onerous than the usual offense.

*Id.* II.D.2.b.(5). The guidelines then list seven circumstances, the presence of two or more of which render a major controlled substance offense "more onerous than the usual offense."

The trial court concluded that five of the seven circumstances were present in this case. Vogel argues that the evidence presented at the sentencing hearing does not substantiate this conclusion and that therefore the court abused its discretion in departing from the sentencing guidelines. We disagree.

Aggravating factor (b) describes an offense that "involved an attempted or actual sale or transfer of controlled substances in quantities substantially larger than for personal use." *Id.* II.D.2.b.(5)(b). At the sentencing hearing, Vogel's attorney conceded that this factor applied to Vogel's offense and Vogel does not dispute its applicability on appeal.

Aggravating factor (c) describes an offense that "involved the manufacture of controlled substances for use by other parties." *Id.* II.D.2.b.(5)(c). Minn.Stat. § 152.-01, subd. 7 (1984) defines "manufacture" as "the production, quality control, and standardization by mechanical, physical, chemical, or pharmaceutical means, packing, repacking, tableting, encapsulating, labeling, relabeling, filling, or by other process, of drugs." The statute does not mention "growing" or "harvesting." Vogel began growing marijuana in 1972. He harvests and dries the plants, picks off the stems and puts the plants in bags and containers. In *State v. Hague*, 303 Minn. 100, 225 N.W.2d 852 (1975), the supreme court upheld a conviction for manufacturing or possessing with intent to manufacture marijuana where, in addition to reading the statutory definition of "manufacturing" to the jury, the trial court added that "in the case of marijuana, manufacturing involved picking it, drying it, grinding it, and doing any other acts generally deemed necessary to prepare it for smoking." *Id.* at 102, 225 N.W.2d at 854. *See also People v. Tierce*, 165 Cal.App.3d 256, 268–69, 211 Cal.Rptr. 325, 332–33 (1985). Thus, Vogel's "processing" of marijuana falls within the purview of the meaning of "manufacture" and

accordingly satisfies the aggravating factor in section II.D.2.b.(5)(c).

 Because two of the seven aggravating circumstances were present, the trial court did not abuse its discretion in determining that there were substantial and compelling circumstances supporting a dispositional and durational departure from the presumptive sentence.

## II.

Vogel argues, alternatively, that the dispositional and durational departure was not proportional to the severity of the offense, as required by section II.D. of the sentencing guidelines. Absent a "strong feeling" that the sanction imposed is disproportional to the severity of the offense, we will not modify a sanction representing a departure from the presumptive sentence. *State v. Schantzen,* 308 N.W.2d 484, 487 (Minn. 1981).

Upon consideration of the total record, we are not left with a strong feeling that the trial court abused its discretion in imposing the executed sentence, even though this court may not have reached the same determination were we sentencing Vogel. Vogel possessed an extremely large amount of marijuana, much of which he had grown and prepared for sale. *See State v. Gartland,* 330 N.W.2d 881 (Minn. 1983) (approving execution of a presumptively-stayed prison term imposed because defendant's conduct was more serious than that usually associated with the offense in question). Because we find no abuse of discretion, Vogel's sentence is affirmed.

## DECISION

The durational and dispositional departure is justified because Vogel committed a major controlled substance offense. The sentence, an eighteen-month executed prison term, is not disproportional to the severity of the offense.

Affirmed.