*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0285**

State of Minnesota,
Respondent,

vs.

Kyle Mitchell Hood,
Appellant.

**Filed December 7, 2015
Reversed and remanded
Cleary, Chief Judge**

Steele County District Court
File Nos. 74-CR-13-2359, 74-CR-13-2304

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Daniel A. McIntosh, Steele County Attorney, Christy M. Hormann, Assistant County Attorney, Owatonna, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Chelsie M. Willett, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Cleary, Chief Judge; Larkin, Judge; and Bjorkman, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CLEARY**, Chief Judge

On appeal from his convictions of third-degree criminal sexual conduct involving two different complainants in two separate district court files, appellant argues that his

aggregate sentence must be reduced from 84 months to 83 months, based on the plea agreement he reached with the state. The state filed a letter in lieu of its respondent's brief in which it agrees that Hood is entitled to relief. Hood also argues, in a pro se supplemental brief, that the court's imposition of a lifetime conditional release term on one of the convictions violated the plea agreement, which contemplated that he would receive ten years of conditional release. Because we conclude that Hood is entitled to the benefit of the agreement he reached with the state, we reverse and remand for resentencing.

**FACTS**

On November 27, 2013, a complaint was filed (74-CR-13-2304) charging Hood with two counts of criminal sexual conduct involving P.M.S. Count one charged him with first-degree criminal sexual conduct, using force or coercion and causing personal injury to P.M.S., for an incident allegedly occurring on November 25, 2013. Count two charged him with third-degree criminal sexual conduct for engaging in sexual penetration using force or coercion against P.M.S. between November 1 and November 24, 2013.

On December 6, 2013, a second complaint was filed (74-CR-13-2359) charging Hood with one count of third-degree criminal sexual conduct, using force or coercion, involving B.A.M. The complaint alleged that this offense occurred sometime between November 17, 2013 and November 21, 2013. B.A.M. and P.M.S. were friends, and both were acquainted with Hood.

On July 20, 2014, the day before trial was scheduled to begin, a plea agreement was reached. In the written plea petition for file 2304 involving P.M.S., Hood acknowledged: "I will plead guilty to count II; count I will be dismissed[.] As part of the plea agreement in this file and in Steele County File No. 74-CR-13-2359, I will be sentenced to 83 months." Hood also acknowledged that he has been told and understands that "[i]n this case, the period of conditional release is 10 years."

In the written plea petition for file 2359 involving B.A.M., Hood acknowledged: "I will plead guilty as charged. As part of the agreement in this case, and in Steele County File No. 74-CR-13-2304, I will receive a sentence of 83 months which will run concurrently on both files." In this petition, Hood also acknowledged that he has been told and understands that "[i]n this case, the period of conditional release is 10 years."

At a plea hearing on July 21, 2014, the defense attorney stated that Hood would "be entering a plea to a Criminal Sexual Conduct in case 2304, and that will be a Third Degree Criminal Sexual Conduct [on Count II]." The attorney then stated that, "[w]ith regard to 74-CR-13-2359 we would be entering a plea as charged." The attorney then proceeded to set out the terms of the plea agreement as follows:

> And then the agreement would be that in return for a plea there would be a joint recommendation for a concurrent sentence on both counts. The recommended number of months would be 83 months. It's slightly above what would be the normal recommendation in this particular case, slightly above the middle of the box, but that would be the agreement of the parties.

3

Hood thereafter waived his rights and a factual basis was established on each file. The district court began with file 2304. Hood agreed that he had "non-consensual" "sexual intercourse" with P.M.S., that he pulled her hair, and that she sustained scratches and "other injuries." Based on Hood's admissions, the district court stated:

> I do find that there are sufficient facts to support the guilty plea and that Mr. Hood has knowingly, intelligently, and voluntarily given up his trial rights in [this] matter. I therefore enter judgment of conviction to Count II of the complaint, Criminal Sexual Conduct in the Third Degree using force or coercion. Count I is hereby dismissed pursuant to the agreement of the parties.

The district court then "turn[ed] to the file ending in 2359." Hood acknowledged that he used force or threats to engage in sexual intercourse with B.A.M., that he scratched B.A.M., and that the sex was not consensual. The district court stated: "I find there are sufficient facts to support the guilty plea and that the plea has been knowingly, intelligently, and voluntarily entered. I therefore enter judgment of conviction to the sole count of the complaint, Criminal Sexual Conduct in the Third Degree Force or Coercion."

Presentence investigation reports and sentencing worksheets were thereafter prepared for each file. In the report prepared on file 2359, the agent noted that "[w]hen combined with [Hood's] criminal history score of zero, the guidelines recommend a presumptive commit for forty-eight months," and that this sentence "carries a ten year conditional release period if committed to the Commissioner of Corrections."

4

In the report and worksheet prepared on file 2304, the agent indicated that "[w]hen combined with a criminal history score of two, the guidelines recommend a presumptive commit for seventy-six months" and that "[t]his sentence carries a lifetime conditional release period if committed to the Commissioner of Corrections." This is the first notation indicating that Hood would be subject to lifetime conditional release.

At the sentencing hearing held on November 17, 2014, defense counsel acknowledged that he had an opportunity to review the reports with Hood. The prosecutor set out his recommendations as follows: "Your Honor, at the time of the plea in these files the parties had reached an agreement that would result in an 84-month prison commit. The files or the sentences would run concurrent on both of these files. I believe the worksheets do take that into account." In file 2359, Hood's sentence "would be a 48-month commit" and then in file 2304, the prosecutor stated "we would ask the Court to impose [the] 84 months" as agreed to by the parties. Defense counsel asked the court to "follow the agreement of the parties" and noted that "there was considerable negotiation given the serious[ness] of these offenses."

The district court sentenced Hood first on file 2359, noting that he has a criminal history score of zero and sentencing him to 48 months in prison on that charge, with a ten-year conditional release period. The court then sentenced Hood on file 2304, noting that he has two criminal history points. Based on the parties' "negotiation for an 84-month sentence," the court imposed an 84-month sentence to be served concurrently.

The court further told appellant that following completion of the required period of time in prison, he would be "on the conditional release status for the rest of your life."

This appeal followed. In the brief filed on Hood's behalf, the assistant state public defender only challenges the district court's imposition of an 84-month sentence, rather than the 83-month sentence agreed to by the parties. In a pro se supplemental brief, Hood argues that he is entitled to a sentence that conforms to his plea agreement, which he claims was for an 83-month prison sentence and 10 years of conditional release.

**DECISION**

**I.**

The parties agree that Hood's aggregate sentence must be reduced to 83 months, rather than the 84-month sentence imposed by the district court. The plea agreement, as set out by the parties and accepted by the district court, contemplated that Hood would receive a concurrent 83-month sentence. The agreement appears to assume that Hood would be sentenced first on file 2359 involving B.A.M., to a 48-month guidelines sentence based on a criminal history score of zero, and sentenced next to 83 months, which is also a guidelines sentence within the grid, on file 2304 involving P.M.S., based on a criminal history score of two. Both offenses are severity level C on the sex offender grid. *See* Minn. Sentencing Guidelines 2.B.1.b. (2012) (assigning 2 criminal history points to prior felony sentence ranked at severity level C), 4.B. (2012) (sex offender grid). This method of sentencing, called *Hernandizing*, is authorized by the sentencing guidelines and by case law. *See State v. Hernandez*, 311 N.W.2d 478, 480-81 (Minn.

6

1981); Minn. Sent. Guidelines 2.B.1.e. (2012) ("Multiple offenses sentenced at the same time before the same court must be sentenced in the order in which they occurred. As each offense is sentenced, include it in the criminal history on the next offense to be sentenced (also known as '*Hernandizing*')").

At sentencing, however, the district court mistakenly assumed that the parties had agreed to an 84-month sentence, rather than the 83-month sentence noted in the written plea petition and mentioned at the plea hearing. Because it is clear that the district court intended to abide by the parties' agreement, the 84-month sentence appears based on a mistake of fact that warrants a remand to the district court for correction. *See Hernandez*, 311 N.W.2d at 479 (concluding that reduction of sentence from 36 months to 27 months was proper, when imposition of 36-month term was "apparently an inadvertency" on the part of the sentencing court).

## II.

In a pro se supplemental brief, Hood also argues that his plea agreement must be upheld, which he states was for an 83-month prison sentence and 10 years of conditional release. Hood states "[t]hat is what I agreed to and that is what I signed for" and that "[i]t would have made a tremendous difference if I was told beforehand that it would be a lifetime" conditional release term.

An offender who has a "previous or prior sex offense conviction" is now, in most cases, subject to a mandatory lifetime conditional release term. *See* Minn. Stat.

§ 609.3455, subd. 7 (2012). By statute, an offender has a "prior sex offense conviction" if

> the offender was convicted of committing a sex offense before the offender has been convicted of the present offense, regardless of whether the offender was convicted for the first offense before the commission of the present offense, and the convictions involved separate behavioral incidents.

Minn. Stat. § 609.3455, subd. 1(g) (2012).

In *State v. Nodes*, the supreme court held that a defendant who, in a single hearing, is convicted of two sex offenses, one immediately after the other, each arising out of separate behavioral incidents, has a "prior sex offense conviction" under Minn. Stat. § 609.3455. 863 N.W.2d 77, 82 (Minn. 2015). The supreme court explained that once a district court accepts a guilty plea on one count and records it, the defendant is "convicted" and thus, even though the passage of time between the conviction on the first count or file and the second is slight, the defendant has a prior conviction under section 609.3455 and imposition of a lifetime conditional release term at sentencing is mandatory. *Id.* at 81-82.

"Conviction" is defined as "any of the following accepted and recorded by the court: (1) a plea of guilty; or (2) a verdict of guilty by a jury or a finding of guilty by the court." Minn. Stat. § 609.02, subd. 5 (2012). In *Nodes*, the supreme court held that Minn. Stat. § 609.02 "clearly and unambiguously provides that a 'conviction' occurs when the district court accepts the guilty plea and the acceptance is on the record." 863 N.W.2d at 81. "As long as one conviction is entered before the second, it is a 'prior conviction' under the plain language of [Minn. Stat. § 609.3455]." *Id.* at 82.

At the plea hearing in this case, the district court accepted Hood's guilty plea and entered a conviction on file 2304 first. Because the district court entered conviction on 2304 first, that is not a prior conviction under *Nodes*. Accordingly, the court clearly erred in imposing a lifetime conditional release term on file 2304.

"It is well settled that an unqualified promise which is part of a plea [agreement] must be honored . . . ." *Kochevar v. State*, 281 N.W.2d 680, 687 (Minn. 1979). In this case, the district court accepted Hood's guilty pleas at the plea hearing on the terms stated during that hearing. Hood does not seek to withdraw his guilty pleas at this time, and the state has conceded that he is entitled to be sentenced according to the terms of the plea agreement. In addition, the sentences contemplated by the plea agreement that Hood reached with the state were not unauthorized or illegal because imposition of the lifetime conditional release term was dependent on the district court following the procedure outlined in *Nodes*, which the court did not do. *See State v. Garcia*, 582 N.W.2d 879, 881-82 (Minn. 1998) (declining to grant defendant specific performance of plea agreement when it included terms that district court had no authority to impose in first place). Under these circumstances, specific performance is the appropriate form of relief. Having accepted Hood's pleas at the plea hearing, the court was bound by the agreed-upon 83-month aggregate sentence, with a 10-year conditional release term. *See* Minn. R. Crim. P. 15.04, subd. 3(1); *State v. Jeffries*, 806 N.W.2d 56, 63 (Minn. 2011).

We therefore conclude that Hood is entitled to specific enforcement of the plea agreement, which contemplated an aggregate 83-month sentence, with a 10-year

9

conditional release term. Hood's sentence on file 2304 is therefore reversed and remanded for resentencing. The district court is directed to impose an 83-month sentence, with a 10-year conditional release term.

**Reversed and remanded.**