*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1130**

Brian Jeffrey Copeland, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed January 11, 2016
Affirmed
Hooten, Judge**

Olmsted County District Court
File No. 55-CR-12-4531

Brian Jeffrey Copeland, Faribault, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark A. Ostrem, Olmsted County Attorney, James P. Spencer, Senior Assistant County Attorney, Rochester, Minnesota (for respondent)

Considered and decided by Hooten, Presiding Judge; Ross, Judge; and Chutich, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HOOTEN**, Judge

Pro se appellant argues that the postconviction court abused its discretion by summarily denying his petition for postconviction relief. We affirm.

FACTS

In July 2012, appellant Brian Jeffrey Copeland was charged with 11 counts of criminal sexual conduct in the second, third, and fourth degrees arising out of Copeland's sexual abuse of his cousin from 2002 to 2008. In January 2013, he pleaded guilty to two counts of second-degree criminal sexual conduct and one count of third-degree criminal sexual conduct. In exchange, the state dismissed the remaining counts. In April 2013, the district court denied Copeland's motion for a downward dispositional departure and sentenced Copeland to concurrent prison terms of 21 months, 27 months, and 60 months, applying the *Hernandez* method of sentencing.[1] On direct appeal, Copeland argued that his trial counsel was ineffective and that the district court abused its discretion by denying his motion for a downward dispositional departure. *State v. Copeland*, No. A13-1190, 2014 WL 4388549, at *1–3 (Minn. App. Sept. 8, 2014). We affirmed. *Id.* at *4.

In March 2015, Copeland filed a petition for postconviction relief, arguing that (1) his guilty plea was unintelligent because he did not know how his criminal-history score would be calculated and he thought that his sentence would include only a 10-year sex offender registration requirement, and (2) his trial counsel was ineffective because she did not convey a counter-offer to the prosecutor at the time of the plea negotiations and did not advise Copeland as to the manner in which his criminal-history score would be calculated.

---

[1] Under the *Hernandez* sentencing method, when a district court sentences a defendant on the same day for multiple felony convictions for separate and distinct offenses that were not part of a single behavioral incident or course of conduct, one point is added to the defendant's criminal-history score for each conviction sentenced before calculating the criminal-history score for the next sentence. *See State v. Hernandez*, 311 N.W.2d 478, 480–81 (Minn. 1981).

The postconviction court summarily denied the petition, concluding that Copeland's ineffective assistance claims were procedurally barred under *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976), and rejecting his challenge to the intelligence of his plea. This appeal followed.

## DECISION

When direct appeal is no longer available, a person convicted of a crime who claims that the conviction violated his or her rights may file a postconviction petition to vacate and set aside the judgment or to seek other relief. Minn. Stat. § 590.01, subd. 1 (2014). "In postconviction proceedings, the burden is on the petitioner to establish, by a fair preponderance of the evidence, facts that warrant relief." *Williams v. State*, 692 N.W.2d 893, 896 (Minn. 2005). We review the denial of a petition for postconviction relief for an abuse of discretion. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012).

"[W]here direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741. In Copeland's direct appeal, this court addressed the merits of his claim of ineffective assistance of counsel, as well as his contention that the district court imposed lifetime predatory offender registration. *Copeland*, 2014 WL 4388549, at *1–3. This court also rejected Copeland's claim that the district court erred by applying the *Hernandez* method of sentencing because he failed to support his argument with citations to the record or legal authority. *Id.* at *4. We now conclude that Copeland's postconviction claims, challenging the effectiveness of trial

3

counsel and the intelligence of his plea, are precluded under *Knaffla* because they were either raised on direct appeal or were known at that time but not raised.

Copeland has not shown that he is entitled to postconviction relief, and the postconviction court did not abuse its discretion by summarily denying the petition.

**Affirmed.**