**STATE of Minnesota, Respondent,**

v.

**Kevin John SCHANTZEN, Appellant.**

**No. 81–376.**

Supreme Court of Minnesota.

July 15, 1981.

Barry V. Voss, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, DeWayne P. Mattson, Rochester, for respondent.

SHERAN, Chief Justice.

This appeal, pursuant to Minn.Stat. § 244.11 (1980), permitting appellate review of sentences in criminal cases, is from a judgment of conviction of aggravated robbery, Minn.Stat. § 609.245 (1980), based on a jury verdict. The sentencing court, in imposing the full 20-year maximum prison term authorized for aggravated robbery by § 609.245, departed from the "presumptive sentence" of 41 months in prison adopted by the Sentencing Guidelines for one who is convicted of aggravated robbery and has a criminal history score of two. The issues on this appeal are whether any departure was justified and, if so, whether it was an excessive departure. We hold that departure was justified but remand for redetermination of the length of imprisonment in accordance with the principles expressed herein.

The defendant was convicted of robbing the Joseph Pharmacy at St. Mary's Hospital in Rochester on August 31, 1980. Defendant, dressed as a nurse, wielded a gun and ordered the employees, whom he handcuffed, to give him certain drugs, including large amounts of morphine, dilaudid and cocaine. When he left he sprayed a chemical spray at the victims,[1] temporarily disabling them but apparently not seriously injuring any of them. When arrested by Minneapolis police on September 9, 1980, defendant had $4,800 in cash on his person. He was charged with a drug offense in

---

1. While the record is not clear as to the exact number of victims who were handcuffed and subjected to the chemical spray, it appears that there were at least seven.

Minneapolis but that charge was dismissed. Evidence at defendant's trial included *Spreigl* evidence connecting him to similar drugstore robberies elsewhere.

Defendant was nearly 23 at the time of the offense. He received one criminal history point for his one prior felony conviction (for felony theft) and one point because the pharmacy robbery was committed while he was on parole; this gave him a total criminal history score of two. The severity level of an aggravated robbery is seven. The presumptive guideline sentence for one with this history who commits an offense of this severity level is 41 months in prison, with sentence executed. The presentence investigation report recommended that the trial court follow the Guidelines and sentence defendant to 41 months in prison.

The trial court departed from the presumptive sentence by sentencing defendant to the full 20-year maximum prison term authorized for aggravated robbery by § 609.245. This means that, with credit for good time, the earliest defendant could be released from prison would be after serving 12 years and 8 months. The court made the following statement in justifying the departure:

[T]he two reasons I'm departing are as follows: Number one, after or toward the end of your robbery you committed an act of violence to aid you in eluding detection, an act of violence which disabled the victims—several victims—who were then handcuffed on the floor, done in a deliberate method individually to each of them, spraying mace in their face which is only temporarily disabling, but disabling with the intent to avoid your escape—to aid you in your escape. Now, the second reason for departure is the one that I've been just discussing here. That is that the loot taken in the robbery includes morphine which is an addictive—highly addictive drug, much more so than—than most drugs, as I understand it—and which this Court is considering as a significant factor. And that that loot, being the subject matter of the robbery, I infer that it becomes the subject matter

for illegal distribution in the community. And I'm not talking about the community being limited to this city or this county or this state. I infer that it's being distributed illegally and improperly and to the gross harm of individuals, whether it's in Minneapolis or Chicago or New York or Atlanta, and that you knew that when you did it and that that compounds the crime sufficient to justify the significant departure.

The nonexclusive list of aggravating factors which may be used as reason for departure is as follows:

(1) The victim was particularly vulnerable due to age, infirmity, or reduced physical or mental capacity, which was known or should have been known to the offender.

(2) The victim was treated with particular cruelty for which the individual offender should be held responsible.

(3) The current conviction is for an offense in which the victim was injured and there is a prior felony conviction for an offense in which the victim was injured.

(4) The offense was a major economic offense, identified as an illegal act or series of illegal acts committed by other than physical means and by concealment or guile to obtain money or property, to avoid payment or loss of money or property, or to obtain business or professional advantage. The presence of two or more of the circumstances listed below are aggravating factors with respect to the offense:

(a) the offense involved multiple victims or multiple incidents per victim;

(b) the offense involved an attempted or actual monetary loss substantially greater than the usual offense or substantially greater than the minimum loss specified in the statutes;

(c) the offense involved a high degree of sophistication or planning or occurred over a lengthy period of time;

(d) the defendant used his or her position or status to facilitate the commission of the offense, including positions

of trust, confidence, or fiduciary relationships; or

(e) the defendant has been involved in other conduct similar to the current offense as evidenced by the findings of civil or administrative law proceedings or the imposition of professional sanctions.

II.D.2.b.

The nonexclusive list of reasons for departure—including the aggravating factors —"are intended to describe specific situations involving only a small number of cases." Comment II.D.201. As stated in *State v. Garcia*, 302 N.W.2d 643 (Minn. 1981): "Underlying the Guidelines is the notion that the purposes of the law will not be served if judges fail to follow the Guidelines in the 'general' case." *Id.* at 647.

 We are satisfied that departure from the presumptive sentence was justified for the first of the two reasons expressed by the trial court, i. e., the employees of the pharmacy were treated with "particular cruelty." The cruelty was of a kind not usually associated with the commission of the offense in question. Gratuitous infliction of pain, as here, qualifies as "particular cruelty" within II.D.2.b.(2) of the Guidelines.

We find the second reason advanced by the trial court too speculative to be used as a ground for departure. While we agree that it is reasonable to infer that the drugs taken in the robbery would be subject to illegal distribution in the community, we cannot permit the defendant to be punished for what he may do in the future unless and until he is convicted of such future offenses.

While we conclude that departure was justified, we also conclude that the extent of the departure should be limited to that justified by the reason for departure. We are unable at this time to establish or articulate a standard by which to measure the sanction that should be imposed in those situations in which a departure from the guidelines' presumptive sentence is proper. We must leave the problem to the trial court and modify any sanction imposed only when we, after consideration of the total record, have a strong feeling that the sanction imposed exceeds or is less than that "proportional to the severity of the offense of conviction and the extent of the offender's criminal history"[2] as aggravated or mitigated by the circumstances of the offense and that the trial judge exceeded his discretion in assessing the sanction.

In the instant case our collegial conclusion is that the sanction imposed was disproportional to the severity of the offense of conviction and the extent of the offender's criminal history as aggravated by the circumstances of the offense and that the trial court should vacate the sentence imposed and resentence the defendant in light of this opinion.

Remanded for resentencing.

---

2. *See* Minnesota Sentencing Guidelines, Statement of Purpose and Principles.