**STATE of Minnesota, Respondent,**

v.

**George E. BARBER, Appellant.**

**No. CX–84–2251.**

Court of Appeals of Minnesota.

Aug. 13, 1985.

Review Denied Sept. 19, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Beverly J. Wolfe, Asst. Co. Atty., Minneapolis, for respondent.

C. Paul Jones, Minnesota Public Defender, Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by PARKER, P.J., and FOLEY and LESLIE, JJ., with oral argument waived.

### OPINION

LESLIE, Judge.

Appellant George E. Barber was convicted by a jury of first degree assault, Minn. Stat. § 609.221 (1982). He was sentenced to 86 months in prison, a double departure

from the presumptive sentence of 43 months. We affirm.

## FACTS

On March 24, 1984, George Barber returned to the home which he shared with his fiancee, Marie Williams, and her two daughters. He was accompanied by Marie's brother, Sherman Williams. Marie and the two girls were at home when Barber and Sherman arrived. Earley Williams, a friend of Marie's, was also present with her two daughters. An argument later ensued in which Sherman and Barber were the principal combatants. The four girls were ordered to go to one of the bedrooms.

As the argument intensified, Barber went to the master bedroom where he obtained a .25 automatic gun. Barber testified that he confronted Sherman with gun in hand solely to frighten him into leaving the home. He further testified that he was backing away from Sherman when he bumped into a portable bar, causing the gun to accidentally discharge. The shot struck Sherman Williams in the head. Barber then headed for the door when Marie Williams "made some fast gesture in her chair" that made him jump and the gun went off again. The second shot hit Marie Williams in the head also.

Earley Williams testified that the shootings were not accidental and that Barber turned the gun on her after shooting Marie. She pleaded with him not to shoot and then ran and hid in a closet. Fearing for their safety, the four girls jumped from the second story bedroom window and ran to get help.

Both Sherman and Marie Williams underwent emergency surgery to remove bullet fragments. Sherman suffered loss of vision in one eye, partial paralysis in his right arm and leg, loss of use of his hands, interference with speaking ability, and a probable decline in intellectual capacity. Marie Williams' surgery required the removal of some brain tissue. In addition, Marie lost the sense of smell on one side, and developed a blood clot in the brain.

Appellant was charged with two counts of attempted murder in the second degree in violation of Minn.Stat. §§ 609.19, 609.17, and 609.11 (1982). Following a jury trial, appellant was found guilty of first degree assault with respect to the shooting of Sherman. Barber was found not guilty with regard to the shooting of Marie Williams.

The trial court sentenced appellant to 86 months in prison. This represented a double departure from the presumptive sentence of 43 months (severity level 8, criminal history score 0). In sentencing Barber, the court relied heavily upon the presentence investigation report which detailed the injuries to Marie and Sherman Williams and also the emotional trauma suffered by other family members. The court stated, "Not only do we have the primary victim, who lost an eye, his speech, walking ability, the ability to use his hands, but the entire family has been devastated by this."

## ISSUE

Does the record adequately support the sentencing court's durational departure?

## ANALYSIS

When the circumstances warrant it, the sentencing judge may "impose a sentence that is deemed to be more appropriate, reasonable, or equitable than the presumptive sentence." Minnesota Sentencing Guidelines II.D.01. The trial court, then, is accorded broad discretion and we will not interfere absent a "strong feeling that the sanction imposed exceeds or is less than that proportional to the severity of the offense." *State v. Schantzen*, 308 N.W.2d 484, 487 (Minn.1981).

Appellant bases his sentencing challenge upon two grounds. First, it is argued that the sentencing court erred in relying on the presentence investigation because the report was made up of "unsubstantiated averments." Appellants argue that there is no competent evidence to support a connection between the shooting and the emotional trauma to family members.

This argument is without merit. The failure to contest hearsay information in the presentence investigation at sentencing results in forfeiture of consideration of the issue on appeal. *State v. Booker*, 348 N.W.2d 753, 755–56 (Minn.1984).

In the alternative, appellant contends the departure was unjustified because there were no substantial and compelling circumstances to differentiate this from the "typical" first degree assault. We disagree. It is well established that durational departure is justified where the conduct underlying the offense is particularly serious and represents a greater than normal danger to the safety of other people. *State v. McClay*, 310 N.W.2d 683, 685 (Minn.1981). Such danger is certainly present here. The injuries sustained by Marie Williams verify this fact. Furthermore, the method of escape chosen by the four girls in the bedroom and the fact that Earley Williams fled and hid in a closet are also indicative of the danger posed by Barber.

Finally, George Barber personally filed a supplement to appellant's brief in which he challenges trial testimony and argues that the shooting was accidental. His arguments are without merit and do not address the sentencing issue.

## DECISION

The record sufficiently establishes the durational departure was justified by the existence of substantial and compelling circumstances.

Affirmed.