**STATE of Minnesota, Respondent,**

v.

**Kelly Ray BOTTOMLEY, Appellant.**

**No. C2–85–2058.**

Court of Appeals of Minnesota.

April 1, 1986.

Review Denied May 16, 1986.

Hubert H. Humphrey, III, Atty. Gen., Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief Appellate Section, Paul R. Jennings, Minneapolis, for respondent.

Steven P. Russett, Asst. Public Defender, St. Paul, for appellant.

Considered and decided by CRIPPEN, P.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Kelly Ray Bottomley was charged with aiding and abetting assault in the first and second degrees, use of a drug to facilitate a crime, and criminal sexual conduct in the first and third degrees for his involvement in attacks upon D.H. Bottomley pleaded guilty to possession of schedule I drugs and criminal sexual conduct in the first degree. He was sentenced to a stayed term of 19 months for possession of drugs and a concurrent executed term of 169 months for the criminal sexual conduct offense. We affirm.

## FACTS

It is not clear from the record how actively appellant participated in the following events. It is sufficient to say, however, that for sentencing purposes the trial court accepted as true defendant's version of the facts.

On March 15, 1985, appellant invited several friends and relatives to his home. Several, including appellant, proceeded to become intoxicated. That afternoon, appellant was visited by a child protection worker who was investigating a complaint that appellant and his wife were not properly caring for their children. Because D.H. lived with appellant's family, appellant assumed that D.H. had filed the complaint.

D.H. eventually joined the party. Appellant gave another person at the party two hits of LSD, which that person dissolved in a drink given to D.H. Within 45 minutes, D.H. passed out and fell off her chair.

Someone picked D.H. up and placed her on a chair without her blouse. As she was seated in the chair, appellant and others placed pennies on her body to humiliate her

for having contacted Child Protection Services.

Appellant next recalled seeing D.H. lying on the floor. Appellant's wife kicked D.H. in the face, saying "That's, what you get for turning me in to Child Protection trying to take my kids away on a revenge." Appellant was going to remove D.H.'s pants to further humiliate her, but was told by his wife not to touch her. Another person at the party did, however, remove D.H.'s pants. Appellant then grabbed a beer bottle and had the idea of inserting it into D.H.'s vagina, but again his wife stopped him. However, appellant stood by and watched as appellant's cousin grabbed the bottle, placed it into D.H.'s vagina, and then kicked it up inside her. The bottle was left in D.H. as other persons laughed and walked over D.H. Someone also urinated on D.H. and kicked her in the face again. Eventually, someone picked up D.H., washed her off in the bathtub, and placed her in her bed.

The next day, D.H. questioned appellant about what had happened to her. Appellant explained away her bleeding as menstrual bleeding. In attempting to explain her other injuries, appellant told her that she had fallen down the stairs the night before.

Two days later, after D.H. learned of the assault, she was examined at Hennepin County Medical Center. The doctors reported that she had suffered a tearing of her interior vaginal wall. The tearing was said to be caused by a hard object and not intercourse.

During the course of their investigation, authorities also spoke with appellant's nine-year-old son who said he watched all the activities, including the assault on D.H.

### ISSUE

Did the trial court abuse its discretion by imposing an aggravated sentence?

### ANALYSIS

A trial court may depart from the sentencing guidelines when "substantial and compelling circumstances" exist to justify such a departure. *State v. Garcia,* 302 N.W.2d 643, 647 (Minn.1981). "The general issue that faces a sentencing court in deciding whether to depart durationally is whether the defendant's conduct was significantly more or less serious than that typically involved in the commission of the crime in question." *State v. Cox,* 343 N.W.2d 641, 643 (Minn.1984). The trial court "is accorded broad discretion and we will not interfere absent a 'strong feeling that the sanction imposed exceeds or is less than that proportional to the severity of the offense.'" *State v. Barber,* 372 N.W.2d 783, 784 (Minn.Ct.App.1985) (quoting *State v. Schantzen,* 308 N.W.2d 484, 487 (Minn. 1981)).

In imposing the 169-month term, the trial court departed from the presumptive guidelines term of 95 months. The trial court explained:

Now this sentence is a departure from the sentencing guidelines and my reasons for departure I believe are substantial and compelling under the circumstances. This is the most cruel and vicious offense that I have seen. It was done with particular cruelty to a particularly vulnerable person. It appears to me that you are the one with the motive for assaulting the victim. It was your residence. It was your drugs, your LSD. It seems to me that you were clearly acting in concert with others who may have in fact initiated it.

The victim was given serious injury by your acts, and most persuasive for me is that it was perpetrated in front of your nine year old child and that you must have known the child was present at the time that the acts were perpetrated.

We agree.

■ Appellant contends that his minor and passive role in the offense offsets any aggravating circumstances. This court is not convinced, even under appellant's version of the facts, that he had only a minor role. Further, as a participant in the assault appellant was legally responsible for the crimes inflicted by the others under

Minn.Stat. § 609.05 (1984), to which appellant pleaded guilty. *See State v. Jones*, 328 N.W.2d 736, 738 (Minn.1983).

Appellant also contends that the trial court relied on disputed facts to depart upwards. As stated above, the record indicates that the trial court acted within the framework of the facts admitted by appellant. We agree.

Such inhuman savagery and barbarous brutality to a particularly vulnerable person (made so by participation of appellant) clearly mandates departure.

Finally, appellant contends that his sentence was disproportionate to that received by his companions. However, that longer sentence is solely the result of appellant's higher criminal history score.

## DECISION

The trial court is affirmed.