**STATE of Minnesota, Respondent,**

v.

**Gordon MILES, Appellant.**

**No. C3-85-2022.**

Court of Appeals of Minnesota.

July 22, 1986.

Review Denied Sept. 22, 1986.

Hubert H. Humphrey III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Paul R. Jennings, Asst. County Atty., Minneapolis, for respondent.

Anne McDiarmid, St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and FOLEY and FORSBERG, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

A Hennepin County District Court jury found appellant guilty of first degree criminal sexual conduct, second degree assault, and use of drugs to facilitate a crime. He was sentenced to 90 months imprisonment, a double departure from the presumptive guidelines term, for the first degree criminal sexual conduct conviction. Appellant contends there was insufficient evidence for the jury to conclude he was guilty and that the trial court abused its discretion in imposing an aggravated sentence. We affirm.

## FACTS

Appellant's convictions stemmed from an incident in which several individuals victimized a drugged and unconscious woman. The disturbing facts of the attack are fully recounted in this court's opinion in *State v. Bottomley,* 384 N.W.2d 241 (Minn.Ct.App. 1986), *pet. for rev. denied* (Minn. May 16, 1986). However, because appellant contends there was insufficient evidence, we

will briefly address the testimony adduced at his trial.

The State's key witness, Christina Bottomley, was herself involved in the attack on D.H. and testified that appellant was present during the entire incident. She said appellant gave D.H. a glass of "booze" containing LSD, which D.H. drank before passing out on the floor. One man took off D.H.'s shirt and appellant removed her pants. Appellant "stomped" on D.H.'s head with his steel-toed "biker boots." Several others sexually assaulted D.H. with a beer bottle as she lay on the floor between the dining room and the kitchen. Appellant then took D.H. into the bathroom, rinsed her off, and put her to bed.

Irene Weiser, Christina Bottomley's mother, testified that appellant admitted slipping D.H. a "mickey" and "stomping" her with his boot. He also described the sexual assault to Weiser and said he helped clean up D.H. afterwards.

M.H., Christina Bottomley's nine-year-old son, gave somewhat confused and contradictory testimony. M.H. said he was watching T.V. during the incident and that "[appellant] kicked her" and later helped put D.H. to bed. M.H. also said he was upstairs in bed during the assault and that his father (Kelly Bottomley) removed D.H.'s pants, not appellant.

Appellant maintains his involvement in the attack was minimal. He testified that he and his wife went to D.H.'s house for a party. D.H. was "loaded" and barely conscious. Appellant heard D.H. fall off her chair and saw her lying on the dining room floor. She still had her shirt on at that point. Then appellant's wife asked appellant to go into the living room because "everybody is getting too drunk." When someone put D.H. back on a chair, she was no longer wearing her shirt.

Appellant and his wife went into the living room where Chris Bottomley's son, M.H., was watching television. Appellant said he never saw M.H. in the dining room that evening. Appellant was in the living room for "a couple of hours" talking and "making out" with Susan until they ran out of beer.

When appellant went into the kitchen to get more beer, he saw D.H. lying in the doorway naked. Kelly Bottomley and another man were standing over her laughing. Appellant told them to put D.H. to bed because "it was plain to see that they beat her up." D.H.'s face was swollen. Appellant "turned her head to the other side" with his boot to "see the extent of the damage." Then he "grabbed a couple beers" and brought one to Susan. Appellant said his only contact with D.H. occurred when he turned her head to examine her injuries.

## ISSUES

1. Was there sufficient evidence?

2. Did the trial court abuse its discretion in imposing an aggravated sentence?

## ANALYSIS

### I.

In reviewing the sufficiency of the evidence we are limited to determining whether, given the facts in the record and the legitimate inferences that can be drawn from those facts, the jury could reasonably conclude that the defendant was guilty of the offenses charged. *State v. Merrill*, 274 N.W.2d 99, 111 (Minn.1978). We cannot retry the facts, but must take the view of the evidence most favorable to the State and assume that the jury believed the State's witnesses and disbelieved any contradictory evidence. *Id.*

Appellant argues that the testimony of the State's key witness, Christina Bottomley, was not credible because she was an accomplice, and that there was insufficient other evidence to corroborate her testimony.

It is axiomatic that the credibility of witnesses is not a proper issue for appellate review; that determination lies exclusively within the province of the jury. *See State v. Jones*, 347 N.W.2d 796, 801 (Minn.1984). However, this rule has been statutorily

modified where the witness is an accomplice:

A conviction cannot be had upon the testimony of an accomplice, unless it is corroborated by such other evidence as tends to convict the defendant of the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof.

Minn.Stat. § 634.04 (1984).

 We must assume that the jury believed Irene Weiser when she testified to the admissions made by appellant. *See Merrill*, 274 N.W.2d at 111. The jury was also in the best position to evaluate the testimony of M.H. We believe these two witnesses sufficiently corroborated the accomplice testimony of Christina Bottomley and provided evidence that tended to convict appellant of these offenses. *See* Minn. Stat. § 634.04.

We note that appellant was also charged with criminal liability for the acts of others. *See* Minn.Stat. § 609.05, subd. 1 (1984). Under that statute, appellant could be convicted if the State established that crimes were committed by others and appellant intentionally aided, advised, hired, counselled, or conspired to commit those crimes. *See id.* The victim's testimony and objective medical evidence established that she was drugged, beaten, and sexually assaulted. The State presented sufficient evidence for the jury to convict appellant for actively aiding in the commission of those crimes.

## II.

The trial court sentenced appellant to commitment to the Commissioner of Corrections for 90 months for first degree criminal sexual conduct. Appellant's other two convictions were merged for sentencing. The court filed a departure report, which listed three reasons for the sentence departure:

(1) The victim was treated with particular cruelty in that the Defendants gratuitously inflicted physical injury, extreme humiliation and degradation. According to the victim's physician, she continues to experience vaginal bleeding, and his prognosis is that she may likely suffer premature menopause as a result of this attack. She continues to experience nightmares. Despite the Defendant's protestations of concern for the victim's well-being, no attempt to obtain any medical assistance for her is evident.

(2) The nine-year-old, developmentally disabled child of one of the Defendants was present throughout the evening and witnessed the event.

(3) The assault occurred in the victim's home, thus invading a zone of privacy where the victim had the right to feel safe.

We agree with the trial court that an aggravated sentence was justified because this victim was treated with particular cruelty for which appellant should be held responsible. *See* Minnesota Sentencing Guidelines II.D.2.b(2) (1986); *Bottomley*, 384 N.W.2d at 243–44.

## DECISION

There was sufficient evidence to support the jury's verdicts and the trial court did not abuse its discretion in imposing an aggravated sentence.

Affirmed.