**STATE of Minnesota, Respondent,**

v.

**Earl F. GELHAR, Jr., Appellant.**

**No. C2–85–2352.**

Court of Appeals of Minnesota.

Aug. 26, 1986.

Review Denied Oct. 29, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Paul R. Jennings, Asst. Co. Atty., Minneapolis, for respondent.

Elizabeth B. Davies, Conflict Atty., State Public Defender, St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and WOZNIAK and RANDALL, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Appellant Earl Gelhar was convicted of criminal sexual conduct in the first degree, Minn.Stat. §§ 609.342(e)(ii), 609.05 (1984), and assault in the second degree, Minn. Stat. §§ 609.222, 609.05 (1984), and assault in the third degree, Minn.Stat. §§ 609.223, 609.05 (1984), and was sentenced to 65 months for the sexual assault conviction. On appeal, appellant contends (1) there was insufficient evidence for the jury to conclude that he was guilty; (2) the court erred in admitting evidence of an accomplice's arrest for possession of LSD; (3) aggravating circumstances were not present to justify an upward durational departure; and (4) his two assault convictions must be vacated. We affirm, but vacate the assault convictions.

## FACTS

Appellant's convictions stemmed from an incident on March 15, 1985 in which several individuals victimized and brutalized a drugged and unconscious woman. The shocking facts of the attack are fully recounted in this court's opinions in *State v. Bottomley*, 384 N.W.2d 241 (Minn.Ct.App.

1986), and *State v. Miles,* 391 N.W.2d 23 (Minn.Ct.App.1986). Since appellant challenges the sufficiency of evidence, we will briefly discuss the relevant facts.

Several people were at D.H.'s house at the invitation of the Bottomleys who were staying at D.H.'s house. They were partying, drinking, and taking LSD. Testimony was presented that in February 1985, Kelly Bottomley, the husband of Christina Bottomley, was arrested for possession of LSD. The State's key witness was Christina Bottomley. According to her testimony, Gordon Miles gave D.H. a glass of rum containing LSD and D.H. passed out.

After D.H. had passed out, someone removed her shirt, rendering her naked from the waist up. Apparently Miles then removed her pants, and he stomped on her head with his steel-toed "biker" boots. Several people, including appellant, then sexually assaulted D.H. with a beer bottle as she lay on the floor. Miles and Bottomley were cousins of appellant.

Sixteen-year-old Steve Hiedelburger testified for the State. He testified that he came to D.H.'s house to buy some LSD from Kelly Bottomley. He arrived just as D.H. was sitting in the chair passed out, without her shirt on. He testified that appellant was there, was at the table, and cut the LSD for him.

Appellant did not testify, but prior to trial he gave three separate and different statements about the events that night. In the first statement on March 19, 1985 to Lieutenant Donald Willner of the Minneapolis police, appellant said that on the way over to Bottomley's home, Gordon Miles and Kelly Bottomley discussed that D.H. had "dropped a dime" on the Bottomleys for child neglect and that they were going "to take care of her." Appellant said that, after arriving at the Bottomleys, he had a few drinks and D.H. came downstairs. About 45 minutes later, she fell off the chair and her shirt was taken off and beer was poured over her head. She was taken to the kitchen where her pants were removed, another person urinated in her ear, and Christina Bottomley slapped her several times. Appellant claimed he left the house for 1 to 1½ hours because what was happening was not right.

In the second statement on May 22, 1985 to Hennepin County Investigator Ron Adler, appellant said the first statement was made under duress because he had been drinking and taking drugs that day, although he had told Lt. Willner that he was not under the influence and was "clean." Appellant said on May 22 that after D.H. fell off the chair, Kelly Bottomley picked her up and put her back on the chair. He claimed that while his back was turned, D.H.'s bra and shirt were removed. D.H. then fell off the chair and people poured beer on her. Appellant claimed he then went to the bathroom and heard someone urinating on D.H. He saw Christina Bottomley hit D.H. and he then left to get some fresh air outside.

In his third statement on May 27, 1985 to Gordon Miles' attorney, Thomas Brudvig, appellant claimed that when D.H. fell off the chair, he went to the bathroom and heard the sound of slapping. When he left the bathroom, he saw D.H. lying on the floor without her shirt on. He claimed at that point he went outside to get some fresh air.

## ISSUES

1. Was the evidence sufficient to sustain appellant's convictions?

2. Did the trial court err in admitting evidence that Kelly Bottomley had been arrested for possession of LSD?

3. Did the trial court abuse its discretion in imposing an aggravated sentence?

4. Is appellant entitled to have his assault convictions vacated?

## ANALYSIS

■ 1. As this court summarized in *State v. Miles,* 391 N.W.2d 23 (Minn.Ct. App.1986):

In reviewing the sufficiency of the evidence we are limited to determining whether, given the facts in the record

and the legitimate inferences that can be drawn from those facts, the jury could reasonably conclude that the defendant was guilty of the offenses charged. *State v. Merrill,* 274 N.W.2d 99, 111 (Minn.1978). We cannot retry the facts, but must take the view of the evidence most favorable to the State and assume that the jury believed the State's witnesses and disbelieved any contradictory evidence. *Id.*

\* \* \* \* \* \*

It is axiomatic that the credibility of witnesses is not a proper issue for appellate review; that determination lies exclusively within the province of the jury. *See State v. Jones,* 347 N.W.2d 796, 801 (Minn.1984). However, this rule has been statutorily modified where the witness is an accomplice:

> A conviction cannot be had upon the testimony of an accomplice, unless it is corroborated by such other evidence as tends to convict the defendant of the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof.

Minn.Stat. § 634.04 (1984).

*Id.* at 24–25. Christina Bottomley's testimony was sufficiently corroborated by the testimony of Steven Heidelburger and by appellant's pretrial statements. Heidelburger's testimony also confirms Christina Bottomley's testimony that appellant was present during the initial acts of abuse, took no steps to prevent others from committing the crimes, and did not abandon his participation. This is sufficient circumstantial evidence which tends to convict appellant as a principal or as an aider and abettor. *See State v. Parker,* 282 Minn. 343, 355–56, 164 N.W.2d 633, 641 (1969). Appellant was charged and convicted of criminal liability for acts of others. Minn. Stat. § 609.05, subd. 1 (1984). Under that statute, he could be convicted if the State established that crimes were committed with others, and appellant intentionally aided, advised, hired, counseled, or conspired to commit those crimes.

If the proof shows that a person is present at the commission of a crime without disapproving or opposing it, it is competent for the jury to consider this conduct in connection with other circumstances and thereby reach the conclusion that he assented to the commission of the crime, lent to it his approval, and was thereby aiding and abetting its commission.

*Parker,* 282 Minn. at 355–56, 164 N.W.2d at 641. Appellant's argument that no credible evidence was presented at trial to implicate him as an active participant was refuted by the jury verdicts. The jury could reasonably have concluded that appellant actively participated in the attack upon D.H. and was legally responsible for the crimes inflicted by the others.

■ 2. Appellant claims the trial court erred in admitting evidence that Kelly Bottomley had been arrested for possession of LSD. Appellant never objected to this evidence at trial and we will not consider it on appeal. Moreover, it is difficult to fathom how appellant was prejudiced since there was overwhelming testimony at trial that almost everyone at the party, including appellant, was using LSD.

■ 3. Appellant's presumptive sentence was 43 months for criminal sexual conduct in the first degree based on a severity level VIII offense and a criminal history of zero. Appellant was sentenced to 65 months. The aggravated sentence was justified because the crime was committed in the victim's home, violating her zone of privacy, *State v. Winchell,* 363 N.W.2d 747, 750 (Minn.1985); because the victim was particularly vulnerable, Minnesota Sentencing Guidelines II.D.2.b.(1); *Ture v. State,* 353 N.W.2d 518, 522 (Minn. 1984); and because of the particular cruelty inflicted on the victim for which appellant should be held responsible. Minnesota Sentencing Guidelines II.D.2.b.(2); *Bottomley,* 384 N.W.2d at 243.

■ 4. Appellant was convicted by the jury of assault in the second and third degrees, as well as criminal sexual conduct

in the first degree, but was sentenced only for criminal sexual conduct. Appellant claims that under Minn.Stat. § 609.04, his assault convictions must be vacated. We agree. Appellant's assault convictions stemmed from the same conduct as the criminal sexual act. In the complaint, it is indicated that the underlying basis for the assault charges is the penetration of D.H.'s vagina with a beer bottle. The prosecutor did not argue any other specific act was the basis for the assault offense; the trial court's instructions did not specify any other particular conduct. Under Minn.Stat. § 609.04, appellant may not be convicted for multiple offenses based on one conduct. *See State v. Jackson,* 363 N.W.2d 758, 760 (Minn.1985); *State v. Eppler,* 362 N.W.2d 315, 318 (Minn.1985).

### DECISION

Appellant's conviction and sentence for criminal sexual conduct is affirmed in all respects. The assault convictions are vacated pursuant to Minn.Stat. § 609.04.

Affirmed; assault convictions vacated.