**STATE of Minnesota, Respondent,**

v.

**Noble James WATTS, Appellant.**

**No. C5-87-406.**

Court of Appeals of Minnesota.

Oct. 6, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief Appellate Section, Michael Richardson, Asst. Co. Atty., Minneapolis, for respondent.

Michael F. Cromett, St. Paul, for appellant.

Considered and decided by PARKER, P.J., and WOZNIAK and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Noble James Watts appeals his sentence for first degree burglary. We affirm.

## FACTS

On July 9, 1986, Noble Watts and two other men stole a car and drove to the home of Steven Mickus where Mickus was preparing his evening meal. Mickus is a forty-five year old high school English teacher who suffers from muscular dystrophy. They confronted Mickus with a gun, and two of the men took Mickus into a bedroom, beating and hitting him. Mickus covered his head and face during the beating and could not identify who was inflicting the injuries. Someone demanded money and jewelry and threatened to kill him.

Watts claims he was in the next room dismantling Mickus' electronic equipment and heard the thumps and bumps but did nothing until one of the men came out and told Watts to get the third man off Mickus, which he did. The men left and were later apprehended.

Mickus was treated for cuts and bruises. Two days later he suffered a stroke which left him unable to walk and with speech impairment. At the sentencing hearing, the neurologist who treated Mickus after his stroke testified that there was very probably a correlation between the assault and Mickus' stroke because head and neck trauma is the most common predisposing factor to this type of stroke in patients in his age group, there was no alternative explanation for the stroke and the short period of time between the assault and the stroke.

Mickus was hospitalized for seven weeks. He has been unable to return to work and must have someone come in and assist with his care and the care of his twelve year old daughter. He had to spend significant amounts of money remodeling his bathroom and adding a ramp to accommodate the wheelchair he is now confined to. His condition is unlikely to improve.

Watts originally pled not guilty but changed his plea later to guilty of first degree burglary, aggravated robbery and unauthorized use of a motor vehicle. Watts' criminal history score was 2 and

this was his second felony offense. The trial court doubled the presumptive sentence of 41 months to 82 months and executed the stay of a previous sentence of 21 months for kidnaping to give Watts a total sentence of 103 months. Watts argues that the circumstances do not justify doubling the presumptive sentence.

### ISSUE

Were there sufficient aggravating factors present to justify a double departure from the presumptive guideline sentence?

### ANALYSIS

The trial court chose to depart from the guidelines because of cruelty to Mickus, the seriousness, severity and permanency of his injuries and the fact that it happened in his own home. We will not interfere with a departure from the guidelines when there are significant aggravating circumstances to justify such a departure. *State v. Garcia*, 302 N.W.2d 643, 647 (Minn. 1981). The court has broad discretion and will not be overruled unless the sentence is not related to the severity of the offense. *State v. Bottomley*, 384 N.W.2d 241, 243 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. May 16, 1986). Here, there are sufficient aggravating circumstances to justify an upward deviation.

Watts, although arguing he was a "passive" participant, was at the scene, was aware that a gun was involved and that force might be used. He need not be an active participant in inflicting any injuries to be criminally liable for a crime committed by another. *See* Minn. Stat. § 609.-05, subds. 1, 2 (1986); *State v. Jones*, 328 N.W.2d 736, 738 (Minn. 1983). He shares criminal liability with the participants.

### DECISION

Appellant's conduct justifies the severity of his sentence.

Affirmed.