**STATE of Minnesota, Respondent,**

v.

**Brian Leo STIRENS, Petitioner,
Appellant.**

No. C5–92–1893.

Supreme Court of Minnesota.

Oct. 1, 1993.

John M. Stuart, State Public Defender, Mark F. Anderson, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Michael O. Freeman, Hennepin County Atty., Donna J. Wolfson, Asst. County Atty., Minneapolis, for respondent.

GARDEBRING, Justice.

This case involves a constitutional challenge to an upward durational departure as the result of an application of the patterned sex offender statute, Minn.Stat. § 609.1352 (1990). Appellant was convicted of one count of second degree criminal sexual conduct in violation of Minn.Stat. § 609.343, subd. 1(a) (1990). Although the presumptive sentence for an offender with appellant's criminal history score was 21 months stayed with probation, the sentencing court dispositionally [1] and durationally departed by imposing a sentence of 180 months. Under the sentence, after appellant has served 90 months, he will

---

1. The dispositional departure is not being chal-    lenged.

be eligible for supervised release for the balance of the 20 year statutory maximum for the offense. The court of appeals affirmed appellant's sentence. We modify the sentence, pursuant to Minn.Stat. § 244.11 (1992), but find no constitutional infirmity.

Twice in June 1991, appellant engaged in sexual contact with a 9–year–old girl who resided at the apartment building managed by appellant. Appellant had the child place her hand on his penis and he laid on top of the child while they were both unclothed. Appellant told the girl that he would "make her life miserable" if she told anyone. There was no penetration, but there is some dispute as to whether appellant ejaculated.

At the time of these encounters, appellant was 19 years old and had one prior adult conviction for misdemeanor theft. However, appellant did, have two juvenile court adjudications for sodomy and criminal sexual conduct.

Appellant pleaded guilty to a charge of second degree criminal sexual conduct. Appellant's criminal history score was zero because the juvenile court adjudications occurred before he turned 16 and thus could not be used to compute his criminal history score.[2] Under the sentencing guidelines, appellant's presumptive sentence for the offense was 21 months, stayed with probation.[3] The state filed a motion to have appellant sentenced under the patterned sex offender statute, Minn.Stat. § 609.1352 (1990).

The relevant portions of the statute are as follows:

Subdivision 1. **Sentencing authority.** A court may sentence a person to a term of imprisonment of not less than double the presumptive sentence under the sentencing guidelines and not more than the statutory maximum, * * * if:

(1) the court is imposing an executed sentence * * * on a person convicted of committing or attempting to commit a violation of section 609.342, 609.343, 609.344, or 609.345, [criminal sexual conduct], or on a person convicted of committing or attempting to commit any other crime listed in subdivision 2 if it reasonably appears to the court that the crime was motivated by the offender's sexual impulses or was part of a predatory pattern of behavior that had criminal sexual conduct as its goal;

(2) the court finds that the offender is a danger to public safety; and

(3) the court finds that the offender needs long-term treatment or supervision beyond the presumptive term of imprisonment and supervised release. The finding must be based on a professional assessment by an examiner experienced in evaluating sex offenders that concludes that the offender is a patterned sex offender. The assessment must contain the facts upon which the conclusion is based, with reference to the offense history of the offender or the severity of the current offense, the social history of the offender, and the results of an examination of the offender's mental status. The conclusion may not be based on testing alone. A patterned sex offender is one whose criminal sexual behavior is so engrained that the risk of reoffending is great without intensive psychotherapeutic intervention or other long-term controls.

Subd. 2. **Predatory crime.** A predatory crime is a felony violation of section * * * 609.582, subdivision 1.

Subd. 3. **Danger to public safety.** The court shall base its finding that the

---

**2.** Minnesota Sentencing Guidelines II.B.4.c.

**3.** A sentence that is labeled "presumptive" by the Minnesota Sentencing Guidelines Commission has been determined by that commission to be proper for all similar cases which have the same offense severity and criminal history. Minn.Stat. § 244.09, subd. 5(2) (1992). These sentences are provided in the Sentencing Guidelines Grid. When a court imposes a sentence different from that provided in the Sentencing Guidelines Grid, that court has "departed" from the guidelines.

Minnesota Sentencing Guidelines, Appendix, Definition of Terms. Trial courts are not allowed to depart from presumptive sentences unless they first find that mitigating or aggravating factors are present and that such factors are substantial or compelling. *State v. Bellanger,* 304 N.W.2d 282 (Minn.1981). The court must then provide written reasons which specify why the court decided to depart. Minn.Stat. § 244.10, subd. 2 (1992). A partial list of factors is listed at Minnesota Sentencing Guidelines II.D.2.

offender is a danger to public safety on either of the following factors:

(1) the crime involved an aggravating factor that would justify a durational departure from the presumptive sentence under the sentencing guidelines; or

(2) the offender previously committed or attempted to commit a predatory crime * * *.

Subd. 4. **Departure from guidelines.** A sentence imposed under subdivision 1 is a departure from the sentencing guidelines.

Minn.Stat. § 609.1352 (1990).

After refusing to cooperate with a psychological assessment by court services, appellant was subsequently evaluated at the Intensive Treatment Program for Sexual Aggressives (ITPSA) at the St. Peter Regional Treatment Center and at the Alpha House program in Minneapolis. Neither program wished to accept appellant as they believed he was unamenable to treatment. Both filed reports with the court.

Three psychologists testified at the sentencing hearing. The first, a psychologist from ITPSA, concluded that appellant met the statutory definition of a patterned sex offender. The second psychologist was called by the defense. He reviewed an unsupervised Minnesota Multiphasic Personality Inventory ("MMPI") taken by appellant and saw appellant for approximately an hour and a half. He testified that appellant was amenable to treatment in an inpatient or residential setting. However, he did not believe appellant to be an ingrained sex offender.

The third psychologist had treated appellant several years previous while he was a juvenile. He estimated that he saw appellant between 20 and 30 times between August 1987 and February 1989. He also saw him for over two hours in April 1993. This psychologist agreed with the psychologist who testified for the defense that appellant would be amenable to treatment within a structured living situation.

The sentencing court concluded that there were grounds for a dispositional departure because of appellant's lack of amenability to treatment and because he met the criteria set forth in the patterned sex offender statute. The sentence imposed by the trial court represents a dispositional departure and also a durational departure of more than eight times the presumptive sentence for the offense for which appellant was convicted. The sole issue in this case is whether the sentence received by appellant should be overturned.

Appellant makes two arguments that this court should reverse the sentencing court and impose a lesser sentence. First, he asserts that the patterned sex offender statute violates an implied constitutional guarantee of proportionality in sentencing embodied in the Minnesota Sentencing Guidelines. Second, he asks this court to use its statutory authority under Minn.Stat. § 244.11 (1992) to find that the sentence is excessive.

We first address appellant's constitutional concerns. Appellant argues that the sentencing guidelines represent an implied constitutional guarantee of proportionality in sentencing in Minnesota. He asserts that art. I, § 5 of the Minnesota Constitution, which prohibits the infliction of cruel or unusual punishments, implicitly ensures such proportionality. He points to two other states, Michigan and California, which have interpreted their constitutions to provide such guarantees.[4]

Although the sentencing guidelines provide for a departure from the presumptive sentence in certain cases, they are silent as to the extent of departure available. Further, in several cases, this court has imposed judicial limitations on departures. Two examples of such cases are *State v. Evans*, 311 N.W.2d 481 (Minn.1981), and *State v. Schantzen*, 308 N.W.2d 484 (Minn.1981). In *Evans*, we said that in order for a court to impose a durational departure of more than double the presumed sentence, there must be unusually compelling circumstances. *Id.* at 483. We have never approved an eight-fold departure

**4.** *See People v. Lorentzen*, 387 Mich. 167, 194 N.W.2d 827 (1972); *People v. Anderson*, 6 Cal.3d 628, 100 Cal.Rptr. 152, 493 P.2d 880 (1972).

from a presumptive sentence. In *Schantzen* we said that sentencing courts could not conjecture as to future acts of an offender for purposes of imposing an upward departure noting that "we cannot permit the defendant to be punished for what he may do in the future unless and until he is convicted of such future offenses." *Id.* at 487. The patterned sex offender statute, however, clearly seeks to extend an offender's sentence based on his potential for reoffending.

Appellant contends that by mandating a sentence at least double the presumptive sentence, up to the statutory maximum, the patterned sex offender statute violates principles of proportionality represented by the sentencing guidelines and implicit in article I, § 5 of the Minnesota Constitution. He reasons that in order to maintain proportionality in sentencing, this court should mandate the same "offense-based" reasons for departure that we require in other circumstances.

■ This court has never held that the "cruel or unusual" clause of the Minnesota Constitution guarantees proportionality in sentencing. Even if we were to do so, in order for appellant's argument to be compelling, the Minnesota Sentencing Guidelines would have to be linked directly to that constitutional guarantee of proportionality so that all departures from the guidelines, including statutory ones, would be controlled by the common law interpreting the guidelines.

■ To do as appellant asks would be to constitutionalize the sentencing guidelines. We did not have that in mind when we created the limitations for imposing departures on the sentencing guidelines and we decline to do so now; the common law controlling departures under the sentencing guidelines is not of constitutional dimension. The application of the patterned sex offender statute simply causes a statutorily created "aggravating factor" to operate.[5] The legislature has authority to establish a sentencing scheme which considers factors other than those associated with the offense with which an offender is convicted. *See e.g., State v. Adams,* 295 N.W.2d 527 (Minn.1980) (application of dangerous offender statute which required previous conviction). Further, the detailed findings required by the statute act as a protection from the abuse of discretion by trial courts.[6] Thus, we hold that statutory departure from the Minnesota Sentencing Guidelines in the patterned sex offender statute is constitutional.

■ However, this conclusion does not end our inquiry. This court has authority to review a sentence under Minn.Stat. § 244.11 (1992), which states in part:

> On an appeal pursuant to this section, the court may review the sentence imposed or stayed to determine whether the sentence is inconsistent with statutory requirements, unreasonable, inappropriate, excessive, unjustifiably disparate, or not warranted by the findings of fact issued by the district court. This review shall be in addition to all other powers of review presently existing.

The trial court found that a dispositional departure from the presumptive sentence was justified because appellant was not amenable to probation and lacked remorse. Further, the probation officer recommended the departure. Appellant admits that the record supports a dispositional departure, from 21 months stayed to 21 months executed. After applying the patterned sex offender statute, the trial court determined that appellant's sentence should be 180 months, over eight times the presumptive sentence. We have said that when considering whether a sentence is proper we must base our decision on

---

5. The Sentencing Guidelines Commission has taken note of this in its list of aggravating factors in support of departure. Minnesota Sentencing Guidelines II.D.2.(b)(7).

6. In order for a court to properly apply the patterned sex offender statute, it must find 1) that the offense was motivated by the offender's sexual impulses or was part of a predatory pattern of behavior that had criminal sexual conduct as its goal; 2) that the offender is a danger to public safety; and 3) that the offender needs long-term treatment or supervision beyond the presumptive term of imprisonment and supervised release. In making this determination, a court must also rely on an assessment by an examiner experienced in evaluating sex offenders concluding that the offender is a patterned sex offender. Minn.Stat. § 609.1352 (1990).

"our collective collegial experience in reviewing a large number of criminal appeals from all the judicial districts." *State v. Norton,* 328 N.W.2d 142, 146–47 (Minn.1982). After reviewing the record, and based upon our collective experience, we agree that a durational departure is justified in this case. However, we also conclude that appellant's sentence should be reduced. Accordingly, appellant's sentence is reduced to 120 months, and the matter is remanded to the trial court for determination as to an appropriate period of conditional release, pursuant to Minn.Stat. § 609.1352, subd. 5.

Affirmed as modified and remanded.