STATE of Minnesota, Respondent,

v.

Thomas Kenneth GALATZ, Appellant.

No. C7–98–290.

Supreme Court of Minnesota.

July 16, 1998.

*ORDER*

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the petition of the defendant, Thomas Kenneth Galatz, for further review of the unpublished decision of the Court of Appeals filed June 2, 1998 be, and the same is, granted for the limited purpose of remanding the case to the district court for resentencing.

Defendant pleaded guilty to criminal sexual conduct in the second degree. The district court sentenced him as a patterned sex offender to 300 months in prison, making the sentence run consecutive to a previously-imposed conditional release term. The district court computed defendant's presumptive sentence on the theory that he had a criminal history score of four. This gave the court a presumptive sentence of 44 (42–46) months in prison. The 300–month term amounts to an upward durational departure of approximately six and one-half times the maximum presumptive sentence computed by the district court.

Because the district court was sentencing defendant consecutively, the presumptive sentence should have been computed using a criminal history score of zero rather than four. This means that defendant's presumptive sentence should have been 21 months.

The patterned sex offender statute provides that the trial court "shall" impose a sentence of not less than two times the presumptive sentence and not more than the statutory maximum for the offense in question. Minn.Stat. § 609.1352 (1996). The 300–month term imposed by the district court is approximately 14.3 times the presumptive sentence of 21 months, as opposed to approximately six and one-half times the maximum presumptive sentence of 46 months computed using a criminal history score of four.

Defendant relies primarily upon our decision in *State v. Stirens*, 506 N.W.2d 302 (Minn.1993), not cited by the court of appeals, in arguing that the departure was excessive. In *Stirens*, we reviewed a 180–month sentence imposed under the patterned sex offender statute for an offense of criminal sexual conduct in the second degree where the presumptive sentence for the defendant's conduct was 21 months stayed given the defendant's criminal history score of zero. *Id.* at 302–03. We held that the departure of approximately eight and one-half times the presumptive sentence was too great a departure in that case and reduced the sentence to 120 months, a little less than six times the presumptive sentence duration. *Id.* at 306.

We believe that the correct remedy for the district court's mistake in computing the defendant's criminal history score is to remand

the case to the district court for resentencing. We express no opinion on the propriety of any sentence imposed by the district court on remand.

Reversed and remanded to district court for resentencing.

BY THE COURT:

/s/ Kathleen A. Blatz
Kathleen A. Blatz
Chief Justice