STATE of Minnesota, Respondent,

v.

Marvin Lee JONES, Appellant.

No. 82–1009.

Supreme Court of Minnesota.

Jan. 21, 1983.

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

This appeal from judgment of conviction of aggravated robbery and burglary raises only one issue, whether the trial court complied with the Minnesota Sentencing Guidelines when it sentenced defendant to consecutive prison terms of 21 months for the burglary and 65 months for the robbery, making a total prison sentence of 86 months. We affirm.

On December 26, 1981, defendant, then 22 years old and on probation in connection with a conviction for receiving stolen property, participated in the burglary of a residence in St. Paul. He was caught that same day and was subsequently charged with burglary of an unoccupied dwelling. He was released on bond on January 7, 1982.

At 2 a.m. on February 3, 1982, defendant and one Philip Brendale, while intoxicated, entered the residence of an 82-year-old man in St. Paul. Brendale beat the man severely. It is not clear from the record whether defendant actively participated in this or whether, as he contended, he tried to stop Brendale from beating the victim. It is sufficient to say that for sentencing purposes the trial court accepted as true defendant's contention. The two took the victim's wallet and other property and left him.

Later that day St. Paul police officers went to Brendale's apartment to investigate an unrelated burglary. While talking with the two men, they saw and seized the victim's billfold in the waste basket. Police subsequently went to the victim's home and found him lying on the floor, badly beaten.

The victim was in the hospital for 3 weeks, in critical condition much of the time. A doctor who attended him testified at the sentencing hearing that the victim might have died if the police had not found him and taken him to the hospital.

Defendant and Brendale were charged with aggravated robbery, burglary with assault, and assault in the first degree for the incident of February 3.

On March 22, 1982, defendant withdrew his not guilty pleas and, pursuant to a plea agreement, pleaded guilty to the burglary charge in connection with the first incident and the aggravated robbery charge in connection with the second incident. The agreement provided that the sentence for the two convictions would be concurrent with any time defendant had to serve if probation was revoked for the 1981 receiving stolen property conviction. The agreement made no promise concerning whether

the sentences for the burglary and the aggravated robbery would be consecutive to each other or concurrent.

This case does not fall within any of the exceptions to the general rule mandating concurrent sentences absent grounds for departure. Minnesota Sentencing Guidelines and Commentary, II.F. (1982). Thus, the maximum sentence that could be imposed without departing would be that obtained by using the *Hernandez* method of computing criminal history scores. *See State v. Hernandez*, 311 N.W.2d 478 (Minn.1981), and Minnesota Sentencing Guidelines and Commentary, II.B.101 (1982). Using that method, the defendant's criminal history score for determining the burglary sentence is three (one custody status point, one misdemeanor/gross misdemeanor point, and one felony point). The burglary is a severity level IV offense. The presumptive sentence for this offense by a person with a criminal history score of three is 21 months stayed. Using the *Hernandez* method, the criminal history score to be used in determining the presumptive sentence for the aggravated robbery conviction is four (one custody status point, one misdemeanor/gross misdemeanor point, and two felony points). Aggravated robbery is a severity level VII offense. The presumptive sentence for this offense by a person with a criminal history score of four is 65 (60–70) months in prison. Thus, using the *Hernandez* method, the presumptive sentence for the two offenses is 21 months stayed and 65 (60–70) months in prison, with the two sentences running concurrently.

The trial court departed from the presumptive sentence for Brendale, doubling the maximum presumptive sentence duration of 34 months for aggravated robbery by a person with a criminal history score of one. The court based that departure on the particular vulnerability of the victim and on the particularly cruel way in which Brendale committed the robbery.

In sentencing defendant, the trial court stated first that it was going to depart dispositionally in sentencing defendant for the burglary conviction because defendant's "accelerated pattern of criminal behavior" indicated that defendant was not an appropriate candidate for probation.

With respect to the aggravated robbery, the court first indicated that there were grounds for departure (particularly vulnerable victim and crime committed in particularly cruel way). Then the court stated that defendant's nonparticipation in the attack on the victim convinced him that legal grounds did not exist for departure. Then the court made the 65-month sentence consecutive, stating that it believed that the public should be protected from defendant for the "maximum period of time." Apparently the court was of the view that this was not a departure.

The total sentence imposed by the trial court was 86 months, 16 months more than the maximum sentence permitted for the aggravated robbery absent aggravating circumstances justifying a departure.

We hold that aggravating circumstances were present. Defendant was a participant in the aggravated robbery of an 82-year-old man, clearly a particularly vulnerable victim. *State v. Van Gorden*, 326 N.W.2d 633 (Minn., 1982). The robbery occurred in the victim's home and therefore involved invading the zone of privacy that surrounds the victim's home. *State v. Van Gorden*, 326 N.W.2d 633 (Minn., 1982); *State v. Norton*, 328 N.W.2d 142 (Minn., filed December 30, 1982); *State v. Morales*, 324 N.W.2d 374 (Minn.1982). Even if defendant did not inflict the injury on the victim, as a participant in the robbery he was legally responsible for the injury under Minn.Stat. § 609.05 (1980). Further, his act in leaving the victim in a beaten condition and in failing to notify the paramedics anonymously relates back and supports the view that the crime was committed in a particularly cruel way. *State v. Stumm*, 312 N.W.2d 248 (Minn. 1981).

Since there were grounds for a durational departure, the trial court could have imposed a sentence of up to 140 months (2 × 70) for the aggravated robbery. That being so, the limited departure in the form of

imposition of a total sentence of 86 months was clearly justified.

Affirmed.