**STATE of Minnesota, Respondent,**

v.

**Brian RATHBUN, Appellant.**

**No. C2–83–1942.**

Court of Appeals of Minnesota.

May 8, 1984.

C. Paul Jones, Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Janet Newberg, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and WOZNIAK, JJ., with oral argument waived.

OPINION

WOZNIAK, Judge.

On February 21, 1983, the appellant, Brian Rathbun, stabbed and slashed Kevin Buenger 23 times with a hunting knife and then left him to die in a ditch. The appellant pled guilty to second degree murder (Minn.Stat. § 609.19(1) (1982)) on September 6, 1983. The presumptive sentence under the Minnesota Sentencing Guidelines for an offender with the appellant's criminal history score of zero committing second degree murder was 116 months. However, the sentencing court adopted the joint recommendation of appellant and the State and sentenced the appellant to 156 months. The trial court departed because the victim was very drunk and, therefore, vulnerable, and because stabbing the victim 23 times showed particular cruelty in commission of the offense. The appellant challenges the sentence, claiming that no clear and compelling reasons existed for such a sentencing departure.

Both vulnerability of the victim and cruelty are listed reasons for an upward departure in sentencing. Minnesota Sentencing Guidelines and Commentary, II.D. 2.b(1)–(2) (1983). We need look no further than the fact that to slash and stab a person 23 times is to act with particular cruelty. The appellant's argument that there was no particular cruelty involved since there was no showing the 23 wounds were inflicted over a long period of time or otherwise in a manner to torture the victim is totally without merit. To conclude that 23 wounds involve particular cruelty is not unreasonable no matter the length of time in which they were inflicted.

## DECISION

The trial court's upward durational departure from 116 months to 156 months was justified.

Affirmed.