**STATE of Minnesota, Respondent,**

v.

**Charles D. PICKETT, Jr., Appellant.**

**No. C7–83–1676.**

Supreme Court of Minnesota.

Nov. 2, 1984.

Phillip S. Resnick, Robert G. Davis, Resnick & Bartsh, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

We granted defendant's petition for further review of the Court of Appeals' decision in *State v. Pickett*, 343 N.W.2d 670 (Minn.App.1984), affirming his sentence; we remand for resentencing.

Defendant committed a series of rapes in north Minneapolis suburbs. He agreed to plead guilty to five charges of criminal sexual conduct in the first degree, Minn. Stat. § 609.342 (Supp.1983), involving five different victims in exchange for the prosecutor's agreement not to charge him or prosecute him for the others and not to recommend any sentencing departure. The sentencing worksheet used the *Hernandez* method of figuring the presumptive sentences. *See State v. Hernandez,* 311 N.W.2d 478 (Minn.1981); Minnesota Sentencing Guidelines and Commentary II.B.1. and II.B.101. (1983). This resulted in presumptive sentences of 43 (41–45), 54 (50–58), 65 (60–70), 76 (71–81), and 95 (89–101) months. The trial court stated that it did not intend to depart from the Guidelines but did intend to make the sentences consecutive. The court then imposed consecutive sentences of 43, 54, 65, 76, and 95 months, which resulted in a total sentence of 333 months.

The Court of Appeals agreed with defendant that in using consecutive sentencing the trial court cannot use the *Hernandez* method but must figure the presumptive sentences using the zero criminal history column.[1] The court concluded that there were grounds for a durational departure with respect to each offense and that

---

1. *See* Minnesota Sentencing Guidelines and Commentary II.F. (1983); *State v. Elkins,* 346 N.W.2d 116, 120 (Minn.1984) ("any time consecutive sentencing is used the presumptive sentence must be computed using the zero criminal history column").

therefore the trial court, pursuant to *State v. Evans*, 311 N.W.2d 481 (Minn.1981), could have imposed a total sentence of 430 months (43 × 2 × 5).[2] Relying on *State v. Jones*, 328 N.W.2d 736 (Minn.1983), the court affirmed the 333–month term rather than remand to let the trial court decide if it wished to impose that term after being told that it was a departure.

In *Jones*, the trial court made presumptive sentences of 65 months and 21 months run consecutively, thinking that the use of consecutive sentencing did not constitute a departure. The trial court felt that it did not have grounds for a durational departure. In making the sentence run consecutively, it stated that it believed that the public should be protected from the defendant for the "maximum period of time." We stated that the use of consecutive sentencing by the court constituted a departure. We upheld the sentence because we concluded that the trial court could have departed durationally and imposed a sentence of up to 140 months (2 × 70). Since the amount actually imposed using consecutive sentencing was less, we affirmed.

This case is not the same as *Jones*. In *Jones* the trial court stated on the record that the public should be protected from the defendant for the "maximum period of time." In this case the trial court stated that it did not intend to depart. Thus, it is possible that the defendant might benefit from a remand. On remand, the trial court could do one of two things. The court might decide not to depart even though there were aggravating circumstances present. Or, the court might depart.

The discretion to depart or not to depart is for the trial court to exercise. If, as the trial court did in *Jones*, the trial court in this case had made it clear that it wanted to impose the maximum sentence it could impose, then *Jones* would apply and

we would affirm. *See State v. Elkins*, 346 N.W.2d 116, 120 (Minn.1984) (the trial court erroneously failed to use zero history score in computing presumptive sentence duration; we modified defendant's sentence from a 58–month consecutive sentence to a 60–month concurrent sentence, "[s]ince the trial court obviously wanted to impose the maximum sentence that could be imposed under the Guidelines.") As it is, we believe that the case must be remanded to give the trial court an opportunity to exercise its discretion one way or the other.[3]

In this respect, the state's argument that defendant is precluded from seeking a remand is without merit. The state argues specifically that since defendant asked the Court of Appeals for a reduction rather than a remand, defendant is not now entitled to ask for a remand. However, a request for a certain type of relief impliedly includes a request for any lesser relief justified if the appellate court decides against reversing outright. Incidentally, the state in its responsive brief to the Court of Appeals argued that the court should either affirm the sentence or, in the alternative, remand for resentencing.

Remanded for resentencing.

---

2. Actually, the trial court could have imposed a total sentence of 450 months (45 x 2 x 5) because the maximum presumptive sentence for each offense using the zero criminal history column was 45 months.

3. On remand, the court, of course, may not increase defendant's sentence. *State v. Wallace*, 327 N.W.2d 85, 88 (Minn.1982) ("When a sentence is set aside as a result of an appeal by a defendant, the trial court on resentencing may not impose a more severe penalty than a sentence which it previously imposed").