STATE of Minnesota, Respondent,

v.

Richard T. STURM, Appellant.

No. C3–86–913.

Court of Appeals of Minnesota.

Aug. 5, 1986.

Hubert H. Humphrey, III, Atty. Gen., Mark Thomason, Hubbard County Atty., Gregory D. Larson, Asst. County Atty., Park Rapids, for respondent.

C. Paul Jones, State Public Defender, Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by LANSING, P.J., and PARKER and NIERENGARTEN, JJ., with oral argument waived.

## MEMORANDUM OPINION

LANSING, Judge.

Richard Sturm received an 80–month sentence for his conviction of attempted second-degree murder, a departure from the presumptive 60–month sentence. We affirm.

## FACTS

Richard Sturm was charged with attempted first-degree murder for an incident occurring on July 11, 1985. At the time of the crime he was 17 years old. He was referred for prosecution as an adult, and after two psychological evaluations he pled guilty to attempted second-degree murder. The prosecution recommended a 20–month upward departure from the presumptive 60–month sentence.

The victim, J.K., had been vacationing at a local resort. She had frequently seen Sturm riding his bicycle on the Heartland Trail as she walked with her husband. On this particular day she was walking alone. For no apparent reason, Sturm grabbed her from behind and inflicted a brutal beating. He choked her, beat her head with a stick, jumped up and down on her chest, and repeatedly stabbed her in the eyes with a knife. The attack lasted about 20 minutes; J.K. feigned unconsciousness when her eyes swelled shut. He then dragged her into a wooded area and left. Her cries for help were heard two hours later by others walking on the trail.

As a result of the attack, J.K. lost her right eye completely and lost the lens of her left eye. Her remaining vision is limited. She sustained irreparable nerve damage to her eyelids and must tape them shut at night in order to sleep. She has a six-inch scar on the right side of her forehead, a three-inch scar on the left side of her forehead, an eight-inch scar on her scalp, a five-inch scar on the back of her skull, and a three-inch scar where her left ear was reattached. She sustained a broken finger, a broken crown, and five broken ribs. She has other scars on her back from being dragged.

The prosecutor recommended less than a double departure because of mitigating factors in Sturm's background. From birth he was neglected and abused by his parents, whose parental rights were terminated when Sturm was 13. Sturm was in and out of foster care and other placements for most of his life. Two psychologists concluded that although Sturm is severely emotionally disturbed, he was competent to stand trial.

The trial court adopted the prosecution's recommendation. In sentencing Sturm the court said:

Mr. Sturm, I have departed durationally by 20 months. I must tell you that my initial reaction was to double that sentence. That would make it 120 months. I am doing this solely because of the recommendation of the State and the victim. I think that was quite generous of them. I am doing this, as I feel that there was a severe cruelty in the perpetration of this act and severe personal nature of the injury to the victim. I am taking into consideration your youth and your history. * * * [I]t is my hope that treatment that may be afforded to you will allow you to come out of the institution and be able to function somewhat in society.

## ANALYSIS

Sturm contends the trial court abused its discretion in departing upward because this crime was not significantly more serious than the typical offense of attempted second-degree murder. To the contrary, we agree with the trial court that the attack on J.K. demonstrated cruelty of a kind not usually associated with an attempt to commit murder. *See State v. Schantzen,* 308 N.W.2d 484, 487 (Minn.1981); Minn. Sentencing Guidelines and Commentary II.D. 2.b.(2) (particularly cruel treatment of the victim is an aggravating factor). *See also State v. Anderson,* 370 N.W.2d 703 (Minn. Ct.App.1985) (prolonged beating and stamping on victim's head and body is particularly cruel); *State v. Packard,* 366 N.W.2d 721 (Minn.Ct.App.1985) (repeated stabbing with a butter knife is particularly cruel); *State v. Rathbun,* 347 N.W.2d 548 (Minn.Ct.App.1984) (stabbing someone 23 times is particularly cruel); *State v. Jones,* 328 N.W.2d 736 (Minn.1983) (leaving the victim in a beaten condition is particularly cruel). The trial court expressly considered the mitigating factors in Sturm's background in deciding whether he was "particularly deserving of punishment." *State v. Wall,* 343 N.W.2d 22, 25 (Minn. 1984).

## DECISION

Affirmed.