**STATE of Minnesota, Respondent,**

v.

**John Darren GAINES, Appellant.**

**No. CX–87–160.**

Court of Appeals of Minnesota.

July 14, 1987.

Review Denied Sept. 18, 1987.

---

Hubert H. Humphrey, III, Atty. Gen., Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Anne E. Peek, Asst. Co. Atty., Minneapolis, for respondent.

C. Paul Jones, Public Defender, Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by LANSING, P.J., and HUSPENI and RANDALL, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Appellant John Gaines pleaded guilty to three counts of aggravated robbery and three counts of criminal sexual conduct in the first degree. The court sentenced Gaines to 200 months in prison, an upward departure from the presumptive sentence under the guidelines. Gaines appeals the departure as an abuse of discretion. We affirm.

## FACTS

The offenses to which John Gaines pleaded guilty involved the robbery of the Family Store in south Minneapolis, the beating of the store owner, and the brutal rape of the store owner's wife and a female customer. On April 3, 1986, John Gaines and Kevin Brinston entered the store between 5:00 and 5:30 p.m. and, while Gaines threatened the owner, D.S.K., and his wife, T.S.K., with a semi-automatic pistol, Brinston emptied the cash register. Gaines ripped the telephone from the wall and struck both D.S.K. and T.S.K. several times with his gun. Gaines also tore a diamond pendant from T.S.K.'s neck.

While the robbery was in progress, a customer, K.D., and her 4½-year-old daughter, entered the store. They tried to leave when they realized what was happening, but Gaines motioned them inside with his pistol. He took K.D.'s watch and purse, forced them down one of the store aisles, and told K.D. to strip. When she did not undress quickly enough, Gaines became angry and ripped her clothes off. Her daughter witnessed the entire incident.

Gaines ordered everyone to the rear of the store and told K.D. to send her daughter to the basement nearby. While in the rear of the store, Gaines, still armed, forced K.D. to perform oral sex on him and then penetrated her anally while simultaneously forcing her to have oral sex with Brinston. D.S.K. and T.S.K. were present at the time. Gaines next ordered T.S.K. to undress and partially penetrated her vagina. Brinston struck D.S.K. when he tried to intercede.

After the rape of T.S.K., Gaines ordered K.D. to perform oral sex on T.S.K. He next ordered K.D. to lie on her back and struck her with his gun hand when she moved too slowly. Gaines then penetrated K.D. vaginally with his penis and penetrated her anally with a pop bottle. After he had finished, Gaines ordered everyone to the basement.

D.S.K. called the police from an office phone in the basement. Gaines came down to the basement shortly afterward, demanding K.D.'s bank card identification number. She gave him a number, apparently realized it was wrong, and Gaines hit her. Before she could tell him again, Brinston yelled from upstairs that he had seen some police officers, and both fled out the back door. They were apprehended by police while fleeing.

Gaines and Brinston were subsequently charged with three counts each of aggravated robbery and criminal sexual assault. Gaines pleaded guilty to and was convicted of three counts of aggravated robbery in violation of Minn.Stat. §§ 609.245, 609.11 and 609.05, and of three counts of criminal

sexual conduct in the first degree in violation of Minn.Stat. §§ 609.342, subds. 1(d) and 2; 609.11 and 609.05 (1986). The court held sentencing hearings on October 14, 1986, and November 21, 1986. Gaines testified on his own behalf, claiming he did not remember anything about the incident because he had been under the heavy influence of drugs at the time, including heroin, cocaine, speed and alcohol.

The court sentenced Gaines to 200 months in prison, 72 months for the aggravated robbery of D.S.K. and 90 months for the rape of T.S.K.; both sentences are double the presumptive sentence and were ordered to be served concurrently. For the sexual assault of K.D., the court ordered Gaines to serve a consecutive term of 110 months, two and one-half times the presumptive sentence. He did not receive a sentence for the remaining three charges. *See* Minn.Stat. § 609.035 (1986). Gaines appeals, claiming the trial court abused its discretion in departing upward from the presumptive sentence and failed to consider his culpability, especially his lack of a criminal record.

## ISSUE

Did the trial court abuse its discretion in departing upward when sentencing appellant under the Minnesota Sentencing Guidelines?

## ANALYSIS

■ Ordering sentences to be served consecutively is not a departure under the sentencing guidelines when a defendant is convicted of multiple current felonies for crimes against different persons. Minnesota Sentencing Guidelines II.F.2. Thus, Gaines' consecutive sentencing falls within the presumptive guidelines. However, the individual sentences constitute an upward departure. The trial court has broad discretion in deciding whether to depart from the sentencing guidelines, *State v. Garcia*, 302 N.W.2d 643, 647 (Minn.1981), but such a decision must be supported by "substan-

tial and compelling" circumstances. *Id.*; Minnesota Sentencing Guidelines II.D.

■ The Guidelines provide a nonexclusive list of aggravating factors that may be considered in departing from the presumptive sentence, Minnesota Sentencing Guidelines II.D.2.b., and, generally, when upward departures are justified, the upper limit will be double the presumptive sentence length. *State v. Evans*, 311 N.W.2d 481, 483 (Minn.1981). We find that aggravating circumstances present in each offense justify the sentence.

### Aggravated Robbery of D.S.K.

■ D.S.K. was beaten several times during the robbery and was forced to witness his wife being robbed, beaten, stripped and raped. One of the aggravating factors which justifies departure from the presumptive sentence is treating the victim with particular cruelty during the offense, Minnesota Sentencing Guidelines II.D.2.b.(2). The forms of cruelty which D.S.K. suffered are not usually associated with the offense in question, but the gratuitous infliction of pain qualifies as "particular cruelty" within II.D.2.b.(2) of the Guidelines. *State v. Schantzen*, 308 N.W.2d 484, 487 (Minn.1981). We believe the court's double departure for this offense was justified.

### Sexual Assault of T.S.K.

■ Several factors are present which justify a double departure with respect to the offenses committed against T.S.K. First, Gaines repeatedly beat T.S.K. while robbing her. There is no evidence she resisted or otherwise acted against his wishes; the beatings were cruelly gratuitous. As discussed above, gratuitous cruelty qualifies as an aggravating factor under the guidelines. *Schantzen* at 487. Second, T.S.K. was subjected to multiple forms of penetration. Gaines penetrated her vaginally and forced her to submit to oral penetration by K.D. This clearly qualifies as a more "serious" type of rape case,

*State v. Morales*, 324 N.W.2d 374, 377 (Minn.1982), and serves as an aggravating factor to consider in a durational departure. *State v. Van Gorden*, 326 N.W.2d 633, 635 (Minn.1982).

Considering the multiple penetrations and inhuman manner in which Gaines robbed, beat, stripped and raped T.S.K. in front of her husband, we believe the court was justified in doubling Gaines' presumptive sentence for this crime to 90 months.

### Sexual Assault of K.D.

◼ The trial court sentenced Gaines to 2½ times the presumptive term for the sexual assault of K.D. Although the general rule limits departures to double the presumptive sentence, there may be "rare cases in which the facts are so unusually compelling that an even greater degree of departure will be justified." *Evans* at 483.

The court gave the following reasons for its departure: (1) K.D. was forced to submit to multiple forms of sexual penetration; (2) K.D. was treated with particular cruelty that goes beyond the crime charged; and (3) the sexual assault against K.D. was done in the presence of her 4½-year-old daughter, who was traumatized by the incident to the extent she sought and is receiving psychiatric care.

A variety of "unusually compelling" facts have justified greater than double sentencing departures. *See State v. Herberg*, 324 N.W.2d 346, 350 (Minn.1982) (defendant terrified victim, forced her to submit to various types of penetration, and subjected her to outrageously gross and vile physical abuse); *State v. Mesich*, 396 N.W.2d 46, 52 (Minn.Ct.App.1986), *pet. for rev. denied*, (Minn. Jan. 2, 1987) (defendant forced victim to engage in six different acts of sex abuse, including various types of penetration, treated her with outrageously gross and vile physical abuse, and caused her significant psychological traumatization); *State v. Mortland*, 399 N.W.2d 92, 93 (Minn.1987) (defendant forced six-year-old to submit to multiple

forms of penetration). However, each case must be considered on its own. *Herberg* at 349.

The reasons given by the court are supported by the record and, in our opinion, are sufficiently compelling to warrant a greater-than-double departure. K.D. was sexually assaulted five times, once vaginally, twice orally, twice anally, including having a pop bottle forced in her anus, and she was forced to perform oral sex on T.S.K. Gaines beat her throughout the sexual assault, which the court found was done only to inflict further humiliation and physical injury. The initial stages of this brutal attack took place in the presence of K.D.'s 4½-year-old daughter. Although Gaines ordered her to the basement, the child heard the screams of her mother and T.S.K. throughout the ordeal. Committing a heinous and vulgar crime in the presence of a child is viewed as a particularly outrageous act which is an aggravating factor to be considered in a departure. *State v. Winchell*, 363 N.W.2d 747, 751 (Minn.1985); *State v. Profit*, 323 N.W.2d 34, 36 (Minn. 1982).

The court properly considered the course of conduct underlying the offense for which Gaines was convicted. *State v. Cox*, 343 N.W.2d 641, 643 (Minn.1984); *State v. Norton*, 328 N.W.2d 142, 145 (Minn.1982). We believe the brutal and inhuman conduct Gaines displayed toward K.D. and the permanent emotional scars that not only she, but also her daughter, will suffer justify the court's departure in this case.

◼ Gaines argues the trial court exaggerated the degree of his culpability because he was heavily under the influence of drugs and alcohol at the time. Voluntary use of drugs or alcohol is not a mitigating factor. Minnesota Sentencing Guidelines II.D.2.a.(3). Gaines also claims the court failed to consider his lack of a prior criminal record as a mitigating factor. A clear record does not, by itself, justify mitigation because that factor, in the form of the criminal history score, has already been taken into account by the sentencing guide-

lines in establishing the presumptive sentence. *State v. Cizl,* 304 N.W.2d 632, 634 (Minn.1981).

## DECISION

Affirmed.