**STATE of Minnesota, Respondent,**

v.

**Kevin DuWayne BRINSTON, Appellant.**

**No. C7–87–469.**

Court of Appeals of Minnesota.

Nov. 10, 1987.
Review Denied Jan. 20, 1988.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Linda K. Jenny, Asst. Co. Atty., Minneapolis, for respondent.

Michael F. Cromett, St. Paul, for appellant.

Considered and decided by WOZNIAK, P.J., and FOLEY and CRIPPEN, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Appellant Kevin DuWayne Brinston was found guilty of aiding John Gaines and being aided by him in the commission of three counts of aggravated robbery and three counts of first degree criminal sexual conduct. The court sentenced Brinston to a total of 180 months in prison. He was ordered to serve concurrent terms of 72 months for count I (aggravated robbery) and 90 months for count VI (criminal sexual conduct in the first degree), with a 90–month consecutive term for count V (criminal sexual conduct in the first degree). No sentences were imposed on the other three counts. The sentences imposed were double durational departures. On appeal, Brinston claims there are insufficient facts to justify the double durational departure based on his involvement in the offense. We affirm.

## FACTS

The facts of this case are set forth in *State v. Gaines,* 408 N.W.2d 914 (Minn.Ct. App.1987), *pet. for rev. denied* (Minn. Sept. 18, 1987).

## ISSUES

1. Did the trial court err by determining Brinston was legally responsible for all the acts committed?

2. Did the trial court abuse its discretion in doubling the presumptive sentence?

## ANALYSIS

1. Under Minn.Stat. § 609.05, subd. 1 (1986), a person is criminally liable for the criminal acts of another "if the person intentionally aids, advises, hires, counsels or conspires with or otherwise procures the other to commit the crime."

In *State v. Jones,* 328 N.W.2d 736 (Minn. 1983), the Minnesota Supreme Court upheld an upward durational departure. Jones and his co-defendant Brendale entered the home of an 82–year–old man. Brendale beat the man severely. Jones contended he did not actively participate in the beating, but rather tried to stop Brendale. The *Jones* court found even if Jones did not actually inflict the injury on the victim, because he participated in the robbery he was legally responsible for the injury. *Id.* at 738. The court went on to say Jones' act in leaving the victim in a beaten condition and in failing to notify the paramedics anonymously relates back and supports the view that the crime was committed in a particularily cruel way. *Id.*

In *State v. Campbell,* 367 N.W.2d 454 (Minn.1985), Campbell argued the court, in sentencing her to double the presumptive sentence, should have considered her passive participation in the murder of S.K. as a mitigating factor. The supreme court held whether the defendant played a passive role in the crime is an issue of fact to be decided by the trial court. *Id.* at 461. Evidence that Campbell helped plan the crime, helped a co-defendant gain access to the victim's apartment and helped conceal the crime afterward justified the trial court's refusal to view her as a "passive" participant. *Id.*

This court upheld a double upward departure from the sentencing guidelines in *State v. Graham,* 410 N.W.2d 395 (Minn. Ct.App.1987), *pet. or rev. denied* (Minn.

Sept. 30, 1987). Graham contended his "passive" participation did not justify his sentence. He and two juveniles broke into the home of a handicapped man and demanded money. One of the juveniles pointed a gun at the man's head and threatened his life. The intruders ordered the man to lie on the floor and proceeded to kick and hit him in the ribs and head. *Id.* at 396. Although Graham was not the one with the gun, and it did not appear he actually hit the man, the trial court found he was not a "passive" participant. *Id.* at 397.

Similarly, this court upheld an upward departure of 4.19 times the presumptive sentence in *State v. Strommen,* 411 N.W.2d 540 (Minn.Ct.App.1987). Strommen and two friends repeatedly raped a 16–year–old girl and then left her naked, injured and in a semi-conscious state in a ditch and drove away. Strommen argued because he neither possessed nor used a weapon during the rape, nor did he inflict physical injury on the victim, he should receive the presumptive sentence. He admitted, however, he did not come to the victim's aid during the assault. This court held Strommen, as a participant in the kidnapping and rape, was legally responsible pursuant to Minn.Stat. § 609.05. *Strommen,* 411 N.W.2d at 545.

█ In this case, Brinston was with Gaines prior to entering the store, the entire time Gaines was in the store, and as he fled. Brinston took money from the cash register. He forced K.D. to perform oral sex on him while Gaines held a gun to her head and penetrated her anally. He restrained D.S.K. while his wife was being raped. Brinston was no more than a few feet away from the criminal activity the entire time. He did not tell Gaines to stop, nor did he come to the victims' aid. Brinston did not withdraw from the commission of the crimes. He alerted Gaines when the police arrived. Clearly, Brinston was more than a passive participant in this case and, therefore, should be held legally responsible for all of the acts committed.

█ 2. We have carefully reviewed this case. Good taste dictates that we do not detail the sordid facts. This court has al-

ready reviewed the issue of an upward departure from the sentencing guidelines on these facts. In *Gaines,* we found the trial court did not abuse its discretion in departing upward in sentencing. *Id.* at 915. Moreover, Brinston's cruel, inhuman and animalistic acts justify the court's upward departure.

**DECISION**

Affirmed.