*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0876**

Ahmed Shire Ali, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed January 26, 2015
Affirmed
Schellhas, Judge**

Hennepin County District Court
File No. 27-CR-10-2077

Charles F. Clippert, Special Assistant State Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Jean Burdorf, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

        Considered and decided by Schellhas, Presiding Judge; Ross, Judge; and Smith, Judge.

UNPUBLISHED OPINION

**SCHELLHAS**, Judge

Appellant challenges the denial of his postconviction petition, arguing that his upward-durational-departure sentence is based on improper and unsupported aggravating factors. Appellant also asserts various pro se arguments. We affirm.

## FACTS

On January 6, 2010, Mahdi Ali and appellant Ahmed Shire Ali (Ali) went to a store with the intent to rob its occupants. Ali knew that Mahdi Ali was carrying a gun when they entered the store. During the interrupted and unsuccessful robbery, Mahdi Ali shot and killed three people. Witnesses, who saw or heard the shootings, survived.

After respondent State of Minnesota obtained indictments of Ali on three counts of first-degree premeditated murder under Minn. Stat. §§ 609.05, .185(a)(1) (2008), and three counts of first-degree felony murder under Minn. Stat. §§ 609.05, .185(a)(3) (2008), Ali pleaded guilty to three counts of first-degree attempted aggravated robbery under Minn. Stat. §§ 609.05, .17, .245, subd. 1 (2008). As part of a plea agreement, Ali waived his *Blakely* rights and agreed that aggravating factors supported an upward durational departure. The agreed-upon aggravating factors were that the attempted robbery resulted in the deaths of three people; Ali failed to render aid to the victims; and the witnesses suffered psychological trauma as a result of the attempted robbery. Ali also agreed to cooperate with the state in the prosecution of Mahdi Ali, and the parties agreed to a 216-month sentence, comprised of three consecutive 72-month sentences. This sentence

2

represented a double upward departure from three consecutive 36-month mandatory minimum sentences under Minn. Stat. § 609.11, subd. 5 (2008).

After Ali satisfied the terms of his plea agreement, the district court sentenced him to three consecutive 72-month sentences, totaling 216 months' imprisonment. After sentencing, Ali moved the district court to correct his sentence under Minn. R. Crim. P. 27.03, subd. 9, claiming a host of errors that include improper imposition of consecutive sentences and failure to articulate valid bases for departing durationally. The district court treated Ali's motion as a petition for postconviction relief and denied Ali relief, determining that the sentencing court (1) properly calculated Ali's sentence, (2) had authority to impose consecutive sentences, (3) articulated valid bases for imposing consecutive sentences that were a durational departure, and (4) did not err by not filing a departure report with the Minnesota Sentencing Guidelines Commission.

This appeal follows.

## DECISION

Appellate courts "review postconviction decisions under the abuse-of-discretion standard of review." *Davis v. State*, 784 N.W.2d 387, 390 (Minn. 2010). A postconviction court abuses its discretion when its "decision is based on an erroneous view of the law or is against logic and the facts in the record." *Gulbertson v. State*, 843 N.W.2d 240, 244 (Minn. 2014) (quotation omitted). Appellate courts "review a postconviction court's factual determinations under a clearly erroneous standard, but review the postconviction court's legal conclusions de novo." *Id.*

*Imposition of upward-durational-departure sentences*

The sentencing court relied on three aggravating factors to support a double-upward-durational departure from the mandatory minimum sentence. Those factors are that Ali's crime resulted in three deaths; Ali failed to render aid to the victims; and Ali's crime resulted in psychological trauma to witnesses. Ali argues that all three grounds for departure are either improper or unsupported by the record. We disagree.

"The Minnesota Sentencing Guidelines were created to assure uniformity, proportionality, rationality, and predictability in sentencing." *State v. Jones*, 745 N.W.2d 845, 848 (Minn. 2008) (quotation omitted). "Departures are warranted only when substantial and compelling circumstances are present." *Id.* "Substantial and compelling circumstances are those demonstrating that the defendant's conduct in the offense of conviction was *significantly* more or less serious than that typically involved in the commission of the crime in question." *Id.* (quotation omitted).

Appellate courts determine whether "the reasons given for an upward departure are legally permissible and factually supported in the record." *State v. Edwards*, 774 N.W.2d 596, 601 (Minn. 2009). "The issue whether a particular reason for an upward departure is permissible is a question of law, which is subject to a *de novo* standard of review." *State v. Grampre*, 766 N.W.2d 347, 350 (Minn. App. 2009), *review denied* (Minn. Aug. 26, 2009). But appellate courts "review a decision by the district court to depart from the presumptive guidelines sentence for an abuse of discretion." *State v. Robideau*, 796 N.W.2d 147, 150 (Minn. 2011) (quotation omitted). Appellate courts will reverse a departure "[i]f the district court's reasons for departure are improper or

4

inadequate and there is insufficient evidence in the record to justify the departure." *State v. Jackson*, 749 N.W.2d 353, 357 (Minn. 2008) (quotation omitted).

*Crime resulting in the deaths of three victims*

Ali argues that the sentencing court improperly considered the deaths of three victims as a ground for departure because, in doing so, it relied on elements of the dismissed counts of first-degree murder. *See Jones*, 745 N.W.2d at 849 ("Departures cannot be based on uncharged or dismissed offenses."). But "[u]nder [the supreme court's] sentencing jurisprudence, it is permissible for the district court to impose an upward sentencing departure if the evidence shows that the defendant committed the offense in question in a particularly serious way." *Edwards*, 774 N.W.2d at 601; *State v. Yaritz*, 791 N.W.2d 138, 150 (Minn. App. 2010), *review denied* (Minn. Feb. 23, 2011). The supreme court has characterized this rule as requiring that the defendant's conduct be distinguishable from that typically associated with the offense. *See Ture v. State*, 353 N.W.2d 518, 525 (Minn. 1984) ("[D]efendant simply had not gone far enough to distinguish his conduct from that of any other violent rapist's conduct at an identical stage.").

First-degree aggravated robbery requires only that the defendant committing robbery be armed with a dangerous weapon or article used or fashioned in a manner to lead a victim to reasonably believe that it is a dangerous weapon. *See* Minn. Stat. § 609.245, subd. 1. Aggravated robbery does not require any harm to a victim. *Id.* Because the deaths of three victims occurred as a direct result of Ali's crime of attempted aggravated robbery, the crime was committed in a far more serious way than a typical

5

aggravated robbery. During the plea colloquy, Ali answered, "yes," when the prosecutor asked whether he "agree[d] that this case is more serious than a regular attempted robbery in the first-degree." We conclude that the sentencing court properly relied on this aggravating factor to impose the agreed-upon upward-durational-departure sentence.

This case does not involve the concerns raised by the supreme court in *Jackson*, 749 N.W.2d at 358. In that case, the supreme court "expressed concern that the prosecution was 'manipulating' the sentencing guidelines by undercharging Jackson." *Edwards*, 774 N.W.2d at 606. Here, the state did not undercharge Ali; the state charged him with six counts of first-degree murder. The terms of the plea agreement allowed Ali to avoid a trial on those six counts and the risk of a substantially longer sentence than the agreed-upon sentence that he received. Nothing in Ali's plea agreement suggests that the state was attempting to manipulate the sentencing guidelines. *See id.* (noting that defendant's sentence was "not greater than the sentence he could have received"). Ali admitted that the three deaths made his crime of attempted aggravated robbery more serious than the typical offense of attempted aggravated robbery and agreed that the atypical seriousness of his crime was an aggravating factor that supported his upward-departure sentence. The record therefore supports the sentencing court's reliance on this aggravating factor.

*Failure to render aid, demonstrating particular cruelty*

Ali argues that the sentencing court erred by relying on his failure to render aid as an aggravating factor for two reasons. Ali argues that failure to render aid is an improper basis for departure because it does not demonstrate that he acted with particular cruelty.

Yet the Minnesota Supreme Court has treated failure to render aid as relevant to the determination of whether a defendant acted with particular cruelty. *Tucker v. State*, 799 N.W.2d 583, 586–87 (Minn. 2011). "Particular cruelty involves the gratuitous infliction of pain and cruelty of a kind not usually associated with the commission of the offense in question." *Id.* at 586 (quotations omitted). "[A] district court may use particular cruelty as a basis for departure only when the cruelty associated with the crime for which the defendant was convicted is of a kind not usually associated with the commission of the offense in question." *Id.* at 587 (quotation omitted).

This case is comparable to *State v. Jones*, 328 N.W.2d 736 (Minn. 1983). Jones pleaded guilty to a burglary charge stemming from an incident in which he and an accomplice broke into an 82-year-old's residence, beat him severely, and left him in the residence. *Jones*, 328 N.W.2d at 737. The supreme court determined that the defendant's "act in leaving the victim in a beaten condition and in failing to notify the paramedics anonymously relates back and supports the view that the crime was committed in a particularly cruel way." *Id.* at 738. Similarly, in *State v. Sims*, this court determined that the record supported a departure when the defendant left the shooting victim to die without calling for help. 553 N.W.2d 58, 61 (Minn. App. 1996), *review denied* (Minn. Oct. 29, 1996). Here, Ali testified that he failed to help any of the victims who were shot during the attempted robbery. He provided no testimony to suggest that he notified emergency authorities regarding the incident. We conclude that Ali's failure to render aid to the gunshot victims was cruelty of a kind not usually associated with the commission

of attempted aggravated robbery. The sentencing court therefore properly relied on this aggravating factor.

In his pro se brief, Ali cites Minn. Stat. § 609.662, subd. 2(a) (2008), and argues that failure to render aid is an offense for which he was not charged. But Ali could not have been charged with failure to render aid under Minn. Stat. § 609.662, subd. 2(a), because he did not discharge the firearm as required by that subdivision.

*Crime resulting in psychological trauma to witnesses*

Ali argues that the record contains no factual basis to support the aggravating factor of psychological trauma to the witnesses. Psychological trauma may justify an upward departure. *See State v. Ford*, 539 N.W.2d 214, 230 (Minn. 1995) (determining that psychological trauma to bystander was appropriate ground for departure); *see also State v. Olson*, 436 N.W.2d 817, 821 (Minn. App. 1989) (determining that district court did not abuse its discretion by relying, in part, on fact that victim was abused in front of older sister who suffered resulting psychological trauma), *review denied* (Minn. Apr. 26, 1989); *State v. Morrison*, 437 N.W.2d 422, 429 (Minn. App. 1989) (determining that district court did not abuse its discretion by relying, in part, on fact that older sister suffered possible psychological trauma from witnessing abuse to her sister as ground for upward departure), *review denied* (Minn. Apr. 26, 1989); *cf. State v. Glaraton*, 425 N.W.2d 831, 833–35 (Minn. 1988) (reinstating sentence of greater-than-quadruple upward departure based on numerous aggravating factors, including "the infliction of psychological trauma" to victim); *State v. Patterson*, 511 N.W.2d 476, 478 (Minn. App. 1994) (determining that victim's need for "future counseling for her psychological

injury" was one of multiple "substantial and compelling" factors to support double-durational departure), *review denied* (Minn. Mar. 31, 1994); *State v. Allen*, 482 N.W.2d 228, 233 (Minn. App. 1992) ("Psychological and emotional injury may justify upward departure."), *review denied* (Minn. Apr. 13, 1992).

During the plea colloquy, Ali acknowledged that witnesses were in the store at the time of the attempted robbery, that Mahdi Ali had a gun and that a gun is a dangerous weapon, that his effort to rob the people in the store was a dangerous activity, that three people were shot and killed during the attempted robbery, and that the witnesses suffered psychological trauma. We conclude that the sentencing court did not abuse its discretion by relying on this aggravating factor.

Because the upward-durational-departure sentences are based on valid aggravating factors that are supported by the record, the postconviction court did not abuse its discretion by denying Ali relief from his upward-departure consecutive sentences.

### Pro se arguments

#### Imposition of multiple consecutive sentences

Ali argues that the postconviction court erred by denying him relief because the sentencing court improperly imposed a separate sentence for each count of attempted aggravated robbery, despite the fact that all of the counts arose from a single behavioral incident. "Minnesota Statutes § 609.035 generally prohibits multiple sentences, even concurrent sentences, for two or more offenses that were committed as part of a single behavioral incident." *State v. Ferguson*, 808 N.W.2d 586, 589 (Minn. 2012) (quotation omitted). But the supreme court has "carved out an exception to section 609.035 when

9

multiple victims are involved." *Id.* at 589–90 (quotation omitted). "Under the multiple-victim exception, courts are not prevented from giving a defendant multiple sentences for multiple crimes arising out of a single behavioral incident if: (1) the crimes affect multiple victims; and (2) multiple sentences do not unfairly exaggerate the criminality of the defendant's conduct." *Id.* at 590 (quotation omitted). In this case, three victims were shot and killed during Ali's commission of attempted aggravated robbery. Ali offers no reason why multiple sentences unfairly exaggerate the criminality of his conduct, and we can discern none. We conclude that the postconviction court did not abuse its discretion by denying Ali relief on this ground.

Ali also argues that the sentencing court erred by imposing consecutive sentences. "Consecutive sentencing of multiple felonies with multiple victims is permissive and within the broad discretion of the district court." *State v. Vang*, 847 N.W.2d 248, 264 (Minn. 2014) (quotation omitted). In this case, consecutive sentencing was permitted, and the postconviction court did not abuse its discretion by denying Ali relief on this ground.

*Application of mandatory minimum or presumptive sentences*

Ali argues that the sentencing court erred by determining that the mandatory minimum sentence for each count of attempted aggravated robbery was 36 months under Minn. Stat. § 609.11, subd. 5, rather than the presumptive 24 months according to the sentencing guidelines, and that the postconviction court therefore erred by denying him relief. Ali's argument lacks merit.

> When an offender has been convicted of an offense with a
> *mandatory minimum sentence* of one year and one day *or
> more*, . . . [t]he presumptive duration of the prison sentence

10

> should be the mandatory minimum sentence according to statute or the duration of the prison sentence provided in the appropriate cell of the Sentencing Guidelines Grids, *whichever is longer*.

Minn. Sent. Guidelines II.E (2008) (emphasis added). We conclude that the postconviction court did not abuse its discretion by denying Ali relief on this ground.

*Blakely waiver*

Ali argues that the sentencing court violated his right to have a jury find facts to support the upward-departure sentence. We broadly interpret Ali's argument as a challenge to his *Blakely* waiver. The supreme court has stated, "[A] defendant's waiver of the right to a jury determination of aggravating sentencing factors must be made knowingly, voluntarily, and intelligently." *State v. Thompson*, 720 N.W.2d 820, 827 (Minn. 2006).

> Where the prosecutor seeks an aggravated sentence, the defendant, with the approval of the court, may waive a jury trial on the facts in support of an aggravated sentence provided the defendant does so personally, in writing or on the record in open court, after being advised by the court of the right to a trial by jury, and after having had an opportunity to consult with counsel.

Minn. R. Crim. P. 26.01, subd. 1(2)(b).

Ali signed, and defense counsel referenced, a *Blakely* waiver petition. When questioned by defense counsel at the plea hearing, Ali indicated that he went through each line of the petition, that he understood that he had the right to have a judge or jury determine whether his case warranted an upward departure, and that he was not asking the state to prove that his offense was more serious than is typical. Ali's *Blakely* waiver

was knowing, voluntary, and intelligent. The postconviction court did not abuse its discretion by denying Ali relief on this ground.

*Departure report*

Ali argues that the sentencing court erred by failing to file a departure report. The supreme court has suggested that a district court does not commit reversible error simply by failing to file a departure report. *See Williams v. State*, 361 N.W.2d 840, 843–44 (Minn. 1985) (concluding that district court's statements, read into record, regarding reasons for consecutive sentencing "will suffice as a departure report"); *see also Black v. State*, 725 N.W.2d 772, 777 (Minn. App. 2007) ("[A] departure from the guidelines will not be precluded for lack of a departure report."). Ali provides no authority for his argument that a district court commits reversible error in sentencing if it does not file a departure report with the Minnesota Sentencing Guidelines Commission. The postconviction court did not abuse its discretion by denying relief on this ground.

**Affirmed.**